UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOAN KOSSOFF,

                                Civ. Action No. 3:03CV00203(PCD)

               Plaintiff,

   v.

GENERAL ELECTRIC CAPITAL CORPORATION,    DATE: OCTOBER 7, 2003

              Defendant.

## MOTION FOR ORDER

Pursuant to FRCP 37 *et seq.*, the Plaintiff in the above matter hereby moves this Court for an Order compelling Defendant to provide complete responses to Plaintiff's First Request for Production of Documents. Plaintiff also requests reasonable attorney's fees for the filing of this motion.

ORAL ARGUMENT REQUESTED
TESTIMONY NOT REQUIRED

## RELEVANT FACTS

On or about 7/25/03, Plaintiff served Defendant with its First Request for Production of Documents (Exhibit A).  On 8/25/03, when there had been no response by Defendant, Plaintiff contacted him to inquire as to the status of the response (Exhibit B).  On 8/28/03, counsel for both parties spoke by telephone.  Based upon Defendant's statements that not all documents could be compiled on time, as an employee was out of the area, Plaintiff consented to a two week extension of time to respond (Exhibit C).  The parties specifically agreed to this on the basis that the unavailable party was needed to compile the documents.

On or about 9/22/03 Plaintiff received Defendant's Response.  Few of the requested documents were provided, and Defendant raised numerous specious objections.  Plaintiff contacted Defendant by telephone, and, in a good faith attempt at resolving the issues between the parties, then sent Defendant a letter detailing its concerns, and asking for a suggested resolution of the issues (Exhibit D).  Defendant's reply (Exhibit E) did not include any documents, nor did it provide proper explanations for its objections.  On 9/30/03, Plaintiff sent a second letter to Defendant (Exhibit F).  Defendant's 10/2/03 reply (Exhibit G) again did not include documents, and did not address all of Plaintiff's concerns.

## STANDARD OF LAW

FRCP 34(a) states "(A)ny party may serve on any other party a request (1) to produce and permit the other party making the request ... to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photorecords, phonorecords, and any other data compilation from which information can be obtained, translated if necessary, by the respondent through detection devices into reasonably useable form, or to inspect and copy ... within the

2

scope of rule 26(b) and are in the possession, custody or control of the party upon whom the request is served". Rule 26(b) describes as discoverable as to "any matter, not privileged, that is relevant to the claim or defense of any party ... (R)elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence". Rule 34(3) states that the court will treat evasive or incomplete responses as a failure to respond.

FRCP 26(b)(5) states "(W)hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged ... the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected will enable the other parties to assess the applicability of the privilege or protection". LRCP 9(d)(1) specifically states that a privilege log is required when this objection is made. The party claiming privilege has the burden of establishing the existence of the privilege in all respects. United States of America v. Davis, 131 F.R.D. 391, 398 (1990), Von Bulow v. Von Bulow, 811 F.2d 135, 144 (2d Cir.).

FRCP 37(4) grants the court power to compel production of such documents, as well as grant expenses and sanctions to the moving party if the party withholding disclosure does not comply after movant's good faith effort to obtain said documents. The discovery sought by the Plaintiff surely fits into these parameters. The requests are discussed individually in detail below.

## GENERAL OBJECTION 4

Defendant has objected to providing documents on the basis that the requests may seek "documents of a confidential or proprietary nature" (Defendant's General Objection 4). Its basis

3

for this is that under FRCP 26(c), the Court may issue protective orders for confidential information (Exhibit E). However, there is no such order in place, nor has Defendant made any such application to the Court. As such, Plaintiff submits that this is not an appropriate basis for objection. Moreover, Plaintiff stated that if Defendant had a proposed confidentiality agreement, that it should forward the proposed agreement to Plaintiff for its review. To date, Defendant has ignored such request.

### PRIVILEGE LOG

LRCP 37 states "when a claim of privilege or work product protection is asserted in response to a discovery request for documents, the party asserting the privilege or protection shall provide the following information in the form of a privilege log ...". Defendant has made numerous such requests (general objection 3, requests 4, 6, 8, 10, 11, 12, 14-19, 21-26, 28, 29, 31, 32, and 34)[1], yet provided no log. Defendant claims it made these objections "as a cautionary measure in case the request was intended to be broader than we construed it, or if responsive privileged documents are created, or discovered *in the future*" (emphasis added). Regardless of Defendant's intent, that is no basis for failing to provide such a log. Further, contrary to Defendant's position that the objection was listed merely as a precaution, because it was unsure of the intent of Plaintiff's requests, Defendant's own responses show that specific documents exist which Defendant is seeking to shield, without providing a log (see infra, #25, 26 and 28). As such, Defendant either must turn over these documents, or provide a complete log.

---

[1] Plaintiff has addressed this issue in whole here, rather than repeatedly addressing the issue for each objection.

4

## DEFENDANT HAS NOT TURNED OVER ALL FILES REQUESTED BY DEFENDANT

Plaintiff's document request 2 was for "(A) complete copy of Kossoff's medical file, as well as any other files maintained by Defendant on Kossoff." Defendant has turned over Kossoff's personnel file only. In its 9/23/03 letter, Plaintiff identified one file which pursuant to Federal Law, Defendant must maintain for Plaintiff, yet had not been turned over. Plaintiff did not identify this document as being responsive, but by example, of other documents which might be maintained by Defendant, but not turned over. Defendant admits to keeping this document, and not turning it over, yet maintains that it has fully responded to the request. It now states that it has no "files" (quotation marks in Exhibit G. It appears to be maintaining documents on Plaintiff, yet not turning them over on the basis that it is not kept in any specific "file".

### REQUEST 7

Plaintiff's request 7 asked for "(A)ny and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding any change in job duties or training for the position of Director of Contracts, and/or Manager of Contracts, including any drafts or notes". This case involves the failure of Defendant to offer to Plaintiff the position of Manager of Contracts when the position was created simultaneously with the elimination of Director of Contracts, while it is alleged that both positions had substantially similar (if not identical) duties, as well as Kossoff's replacement of the Manager of Contracts position during that Manager's pregnancy leave. Defendant objects to providing any documents on the basis that since there were two separate positions, no documents are responsive. Plaintiff does not deny that Defendant created a separately-named position when it eliminated the first - rather that any documents relating to the change from one position to the other should be provided as relevant to the case at bar. Defendant has not raised any legitimate objection.

5

## REQUEST 9

Request 9 was "(A) complete copy of the personnel file of Christine Wright, including any resumes or *curricula vitae* submitted by her, including any drafts or notes". As Ms. Wright was offered the position of Manager of Contracts, while Plaintiff was denied the position on the basis she was not qualified, these documents surely are relevant, and reasonably calculated to lead to the discovery of admissible evidence, as they relate to the person who allegedly was more qualified than Ms. Kossoff.   Moreover, Defendant has alleged in another forum that Ms. Kossoff, when she took over Ms. Wright's duties while Wright was on pregnancy leave, did not perform the full "panoply" of Wright's duties. As such, Defendant's relevancy objection is without basis.

Defendant further objected on the basis that disclosure " might violate individual privacy rights". This is not a valid objection under FRCP 26b. Defendant can seek a protective order if it feels there is a basis, but until and unless such an Order is made (and Plaintiff strenuously would oppose any such motion) the documents must be produced.

In an effort to abide by Defendant's alleged privacy rights concerns, Plaintiff stated that it would consider a proposal for a confidentiality order by Defendant (see Exhibits D and F). None has been offered.

## REQUESTS 13 and 20

Requests 13 and 20, related to each other, seek information on employees which were compared with Plaintiff in its decision not to offer her a pay increase. The complaint alleges that she was told by her supervisor that she was at the top of her pay scale, and that it was the reason she did not receive a raise. Defendant's Response to the Commission on Human Rights and Opportunities specifically:

6

- Compared her salary with those of PAR representatives (and not Directors), as proof that her salary was "at a rate more than double the average salary of her peers";

- Stated Kossoff's salary "was way above scale for the job she held"; and

- Does not deny Kossoff's allegation that John Edel told she "would get no raise, because [she] was at the top of her pay scale for customer service persons", but only said Kossoff's "allegations are far from sufficient to support an inference of unlawful discrimination".

As such, Defendant's own statements render this evidence relevant, and thus, its objection as to relevancy is without basis. In its 10/2/03 letter, it agreed to provide some of the requested documents (see Exhibit G), but did not provide any documents.

## REQUEST 15

It is alleged by Plaintiff that she was discriminatorily denied her VIC Bonus, while other employees received such a bonus. Request 15 sought documents "regarding calculations and/or employee eligibility for VIC or other bonus(es) from 2000 through the present, including drafts or notes". These documents surely are relevant to the Plaintiff's allegations, and Plaintiff's three-year period for its request is reasonable (she was employed with Defendant or its predecessor company since 1997).

Defendant also has made the same objection as in request 9 regarding "privacy rights" of other employees. As stated in that section, Defendant has not raised any valid objections, nor has it made any proposals for confidentiality orders for such concerns. As such, it must provide such documents.

7

## REQUEST 17

Request 17 sought documents "posted or maintained by Defendant with regard to discrimination of employees from 7/1/97 through the present date". This lawsuit specifically is based upon allegations of discrimination. Pursuant to Federal Law, Defendant is required to maintain certain documents relating to the issue of discrimination. As such, this request is relevant. Also, as indicated above, Plaintiff has been employed with Defendant (or its predecessor in interest) since 1997. As such, Plaintiff finds Defendant's objections regarding comprehensibility, relevance and time period without basis. Further, Defendant has not responded to Plaintiff's attempts in its letter attempting to resolve Defendant's concerns - as such it can only be assumed Defendant doe not have a basis to back its objections.

## REQUESTS 18 and 19

Plaintiff's complaint alleges discrimination based upon age, disability, and perceived disability discrimination, and includes specific allegations of disparate treatment/impact. Requests 18 sought documents "regarding the composition by age and/or disability of Defendant's employees", and 19 sought documents "regarding the age, disability(ies), and perceived disability(ies) of any promotion or other job changes of defendant's employees" Defendant objected based upon relevancy, and time limit.   Plaintiff is at a loss as to how this information cannot be relevant under the circumstances.  Plaintiff also offered to limit the time of its request in its 9/23/03 letter - Defendant did not address the proposal. As such, these documents should be produced.

In Exhibit G, Defendant offered to provide some of the requested information from requests 18, 19, 21, and 22, but only for the predecessor-in-interest, Phoenixcor.  Defendant's solution is to provide information more remote in time and category, when those who made

8

decisions regarding Kossoff (including, but not limited to Jennifer Cherry, from Defendant's HR Department), made decisions about a broader employee population, over a longer period of time. At the same time, Defendant makes various objections on the basis of the time limit of requests, and offers to narrow the category of employee for the documents to be produced. This is illogical, and calls into question their reasons for offering such data.

## REQUEST 21

Request 21 sought documents "regarding ages, identities, disability(ies) and/or perceived disability(ies) and salary of all persons who held the title of Manager or Director for Defendant Defendant claims such request is irrelevant. As the Complaint specifically alleges that Plaintiff, who held the position of Director of Contracts, was denied another position at a management level on the basis of discrimination, Plaintiff believes such information is relevant. Defendant also makes the same objection as to privacy - Plaintiff has addressed this issue under request 9. Finally, as in the prior section, Defendant did not address Plaintiff's proposal to limit the time period. As such, it should be required to produce these documents.

## REQUEST 22

The Plaintiff in this matter initially was allowed an accommodation to telecommute one day per week. Her complaint alleges she later was denied this accommodation, and that this denial was discriminatory, and a failure to accommodate her physical disability. Defendant has refused to provide documents regarding accommodations given to other employees. Plaintiff believes that this surely is relevant to its case. As before, Defendant also raised the objection of "privacy rights" and time period without basis, and then failed to address Plaintiff's proposal to

9

resolve these issues. As such, it should be required to provide these documents.

## REQUEST 24

Defendant raised as a defense to CHRO that Plaintiff failed to take advantage of an internal resolution allegedly available to her - the "RESOLVE" program. There is an issue of fact as to whether this program was known and/or available to Plaintiff - she specifically alleged in her complaint (paragraph 65) that this program was never even revealed to her until after the termination of her employment. As such, request 24 asked for documents regarding this program. As such, the claim made by Defendant as to vagueness and ambiguousness is without basis, as is its present claim that it does not understand how the request for RESOLVE documents is relevant as "Plaintiff never even invoked Resolve".

## REQUEST 29

At issue in this lawsuit is whether Defendant's decision to transfer Plaintiff's files, duties, and work from Connecticut to St. Louis were decided and conducted in a discriminatory fashion. As such, Plaintiff is seeking documents "regarding the movement or transfer of Kossoff's files, duties, and/or work out of state, including drafts or notes". Contrary to Defendant's objections, such documents clearly are relevant (it should be noted that Defendant's CHRO response alleged that Ms. Kossoff expressed no interest in a St. Louis position, implying that one was available and that she turned it down). As such, these documents should be provided.

## REQUEST 31

In Request 31, Plaintiff seeks information about other jobs that may have been available

10

to Plaintiff based upon her qualifications. Ms. Kossoff was not advised that she was to be terminated until several months after that decision to terminate her was apparently made. Defendants made no effort to inform her of other jobs for which she might have been qualified. Moreover, Kossoff was not told she would not be qualified for a pay raise in 2001-02 and if she had been, she might have sought another position with Defendant. As such, this request is relevant

## REQUEST 34

In request 34, Plaintiff requested documents of meetings in which Kossoff or her position were discussed. As the complaint deals with the change in Kossoff's position, the change in the title of her position, Defendant's failure to offer her the position for which she was qualified without basis, her termination, her denial of benefits, Defendant's actions with regard to her age, Defendant's comparisons of Kossoff's salary with others, Defendant's comparisons of Kossoff's work with others, her age and Defendant's actions with regard to her disability, we believe the request is relevant and appropriate. Upon information and belief, contrary to Defendant's 10/2/03 letter, not all documents it claims to have produced have been produced. In fact, Defendant in its letter does not state that all documents have been produced.

WHEREFORE, Plaintiff respectfully requests that its motion be granted in its entirety, together with such other and further relief as to this Court may deem just and proper.

Respectfully submitted,

PAES & PAES, LLC
Attorney for Plaintiff
4 Washington Avenue

11

Sandy Hook, CT 06482
203-270-6441

By: _____

MICHAEL T. PAES
Federal Bar No. CT19303

**CERTIFICATION**   This is to certify that a copy of this Motion to Compel was sent to Attorneys for Defendant, Attorney Lawrence Peickes, Wiggin & Dana, LLP, 400 Atlantic Street, PO Box 110325, Stamford, CT 06911-0325 via first class mail, postage prepaid, on this date.

MICHAEL PAES

# EXHIBIT
# A

JOAN KOSSOFF,

           Plaintiff,

NO.   303CV00203PCD

v.

JULY 25, 2003

GENERAL ELECTRIC CAPITAL CORPORATION,

           Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

In accordance with the provisions of FRCP 34 *et seq.*, the Plaintiff, JOAN KOSSOFF, requests that the Defendant produce the documents described below for inspection and copying at the offices of Paes & Paes, LLC, 4 Washington Avenue, Sandy Hook, Connecticut 06482 within thirty (30) days of the date of filing of this Request.

### A. DEFINITIONS AND INSTRUCTIONS

1. The terms "you" and "your" means the Defendant, its present or former agents, officers, employees, subsidiaries, assigns, attorneys, owners, and directors.

2. In answering these Requests for Production of Documents, you are required to furnish all documents in their entirety without abbreviation or expurgation that are in your possession or available to you, including documents in the possession of your agents or representatives, attorney(s) or anyone else acting on your behalf or subject to your direct or indirect control.

3. These Requests for Production of Documents are continuing. If, after you first provide responses to these Requests, you acquire additional information, you are required to supplement our answers within a reasonable time, pursuant to the Connecticut Practice Book and applicable case law.

4. As used herein, the following terms shall have the meanings indicated below:

   a. "person" shall mean natural persons and legal entities

   b. "defendant" shall mean GENERAL ELECTRIC CAPITAL CORPORATION, its present or former agents, officers, employees, attorneys and assigns.

   c. "complaint" shall mean the complaint in the United States District Court, District of Connecticut, Civil Action Number 3:03CV00203(PCD) and any amendments thereto.

   d. "document" shall mean any and all writings of any kind (originals and all non-identical copies), including without limitation, correspondence, memoranda (including written memoranda of telephone conversations, other conversations, meetings discussions, agreements, acts, activities), statements, notes, transcripts (including notes or transcripts from statements, interviews or depositions), diaries, **calendars**, letters, contracts, records, reports, studies, statistics, statements, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, bulletins, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments (of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, charts, graphs, microfiches, microfilm, videotape, recordings, motion pictures) and mechanical or electronic records and representations of any kind (including without limitation, tapes, cassettes, discs, recordings, **and TIF files or**

2

similar digital records or representations) and computerized records, files, electronic mail, and writings of any kind (including those located on electronic media such as diskettes, zip drives, files, archival tapes, diskettes or drives, backup tapes, diskettes or drives, compact discs, and hard drives) whether prepared by defendant for its own use, received by defendant or sent from defendant (including but not limited to those contained on individual computers, computer networks, and main frame computers).

f. "describe" shall mean to specify in detail and to particularize the content of the answer to the question and not just to state the reply in summary or outline fashion. Include relevant dates, periods, locations, places, persons, amounts, quantities, numbers, values and like facts in your description.

g. "communicate" and communication shall mean each and every manner or means of disclosure, transfer, or exchange of information, whether orally, by document, by electronic media or otherwise.

h. "identify" or "identity" when used in reference to a person shall mean to state that person's full name and present or last known address.

i. "identify" or "identity" when used in reference to a document shall mean to state either (1) (a) the date and nature of the document, and if undated, the dates upon which the document was created, sent and received; (b) the name of each person who wrote, signed, dictated or otherwise participated in the document's preparation; (c) the name of each person who is an indicated addressee or other recipient of or who in fact received the document; (d) a detailed and complete description of the contents of the documents; (e) the document's

3

present location; (f) the name of each person having possession, custody or control, whether actual or constructive, of the document; or (2) to attach a true copy of the document to your answers to these interrogatories, identifying it in a manner which will distinguish it from all other copies of documents produced in response to these interrogatory requests.

If the document is not now and never had been in your possession, custody or control, but you know or believe it to be or to have been in existence, state the source of your information or belief regarding the existence of the document, and identify the person or entity in whose possession, custody or control such documents is or was known or believed to be. The term "all documents: means every document (as above defined) known to you and every such document which can be located or discovered by reasonably diligent efforts.

      j.      "relate", "related", "relating to ' or any variation thereof are to be used in their broadest sense and shall mean: to refer to, discuss, involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate from, be directed at or in any way to pertain, in whole or in part, to the subject.

5. Should you decline to produce any document requested, or any part thereof, on the ground of privilege, you must provide a list identifying each such document, together with the following information:

      a.      reason for withholding;

      b.      date of the document;

      c.      the identity of each author or preparer;

      d.      the identity of each person who sent or received, viewed or has had custody of the document;

4

e.   brief description of the document;

f.   statement of fact constituting the basis for any claim of privilege, work product or other ground of nondisclosure. You are neither required nor requested to provide information protected from disclosure by the attorney-client privilege or the attorney work product privilege;

g.   paragraph of this request to which the document relates; and

h.   In the case of any document relating in any way to a meeting, or any other conversation, all participants in the meeting or conversation are to be identified.

6.   Documents should be grouped, separated and filed according to the Request for Production to which they are responsive, with an identifying mark indicating the number of the Request to which the particular document or group of documents are responsive.

7.   All pronouns in these requests shall be considered gender-neutral. All masculine references shall include feminine, and all feminine shall include masculine.

5

## B. FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      A complete copy of Kossoff's personnel file.

<u>Response</u>

2.      A complete copy of Kossoff's medical file, as well as any other files maintained by Defendant on

Kossoff.

<u>Response</u>

3.      Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding any job descriptions for any positions held by Plaintiff for

Defendant.

<u>Response</u>

4.      Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding any reviews or performance appraisals for Kossoff, including any

drafts or notes.

<u>Response</u>

5.      Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding Defendant's knowledge or perception of Kossoff as physically

6

disabled or impaired, or of any needed accommodations necessary for her to perform the essential functions of her position.

<u>Response</u>

6.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding Kossoff's April 2000 position change from Director of Contracts to Support Services Manager, including any drafts or notes.

<u>Response</u>

7.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding any change in job duties or training for the position of Director of Contracts, and/or Manager of Contracts, including any drafts or notes.

<u>Response</u>

8.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding Kossoff's ability to work from home while employed for Defendant.

<u>Response</u>

9.    A complete copy of the personnel file of Christine Wright, including any resumes or *curricula vitae* submitted by her, including any drafts or notes.

7

<u>Response</u>

10.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding Kossoff training Wright for her employment with Defendant, including any drafts or notes.

<u>Response</u>

11.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding Jennifer Cherry's knowledge of Plaintiff's working from home, including any drafts or notes.

<u>Response</u>

12.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding any communications between Kossoff and Defendant regarding her potential or actual increase in salary 2001 or 2002, including any drafts or notes.

<u>Response</u>

13.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding the pay scale for customer service persons, or other documents regarding Defendant's determination as to Kossoff's eligibility for pay increase during 2001 or 2002,

8

including any drafts or notes.

<u>Response</u>

14.     Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding Kossoff's performance of the position/duties of Manager of

Contracts while Wright was on maternity leave in 2001 and/or 2002, including drafts or notes.

<u>Response</u>

15.     Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding calculations and/or employee eligibility for VIC or other bonus(es)

from 2000 through the present, including drafts or notes.

<u>Response</u>

16.     Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding the calculation or determination of eligibility for VIC or other

bonus(es) for Kossoff in 2000 through 2002.

<u>Response</u>

17.     Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

9

member, or attorney, posted or maintained by Defendant with regard to discrimination of employees from 7/1/97 through the present date.

<u>Response</u>

18.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding the composition by age and/or disability of Defendant's employees.

<u>Response</u>

19.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding the age, disability(ies), and perceived disability(ies) of any promotion or other job changes of defendant's employees.

<u>Response</u>

20.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding the ages, disability(ies), and/or perceived disability(ies) of all persons who were used to compare salaries with Kossoff.

<u>Response</u>

21.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board member, or attorney, regarding ages, identities, disability(ies) and/or perceived disability(ies) and

10

salary of all persons who held the title of Manager or Director for Defendant.

<u>Response</u>

22.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding any accommodations given to any disabled employee for Defendant.

<u>Response</u>

23.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, submitted to the Connecticut Commission on Human Rights (CHRO) or Equal

Employment Opportunity Commission (EEOC) regarding any complaints filed by Kossoff, including

any drafts or notes.

<u>Response</u>

24.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding Defendant's "Resolve" Program.

<u>Response</u>

25.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding Defendant giving Kossoff notice of the Resolve program.

<u>Response</u>

11

26.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, evidencing that Kossoff agreed to use the Resolve program.

Response

27.    Any complaints received by Defendant through the aforesaid Resolve program.

Response

28.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding terms and/or conditions of employment given by Defendant to

Kossoff.

Response

29.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding the movement or transfer of Kossoff's files, duties, and/or work out

of state, including drafts or notes.

Response

30.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding any offer(s) made by Defendant to Kossoff regarding a full-time

position with Defendant out of state.

Response

31.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, regarding all positions which became open or available at Defendant's

Norwalk, CT facility during 1997 through the termination of Kossoff's employment with Defendant.

Response

32.    Any and all documents in the possession, custody or control of Defendant, or any investigator, Board

member, or attorney, relating to any work done by Joan Kossoff while working for Defendant from

her home.

Response

33.    All job descriptions for positions held by Christine Wright.

Response

34.    All documents, including notes and minutes of meetings in which Joan Kossoff or her position were

discussed.

Response

35.     All documents criticizing or praising Ms. Kossoff or her work.

<u>Response</u>

PAES & PAES, LLC
Attorney for Plaintiff
4 Washington Avenue
Sandy Hook, CT 06482
203-270-6441

By: _____

MICHAEL T. PAES
Federal Bar No. CT19303

CERTIFICATION     This is to certify that a copy of this Request for Documents was sent, via first
class mail, postage prepaid, on July 25, 2003, to Attorney Lawrence Peickes,
Wiggin & Dana, LLP, 400 Atlantic Street, PO Box 110325, Stamford, CT
06911-0325.

MICHAEL T. PAES

# EXHIBIT
# B

# PAES & PAES, LLC

Michael T. Paes    - admitted to practice in Connecticut & New York
Fern H. Paes      - admitted to practice in Connecticut

4 Washington Avenue
Sandy Hook, CT 06482
(203) 270-6441
(203) 270-0212 - fax

Service by Facsimile not Accepted

August 25, 2003

Attorney Lawrence Peickes
Wiggin & Dana, LLP
400 Atlantic Street
PO Box 110325
Stamford, CT 06911-0325

Re:    Kossoff v. GE Capital
      Our File No. 018.02EMP

Dear Lawrence:

     I was unable to reach you by telephone earlier today. As per the message I left, our first Request for Production of Documents was served 7/25/03, and to date there has been no response from you.

     Please contact our office and let us know when the documents will be sent. If there is no proper response by the end of this week, we will be forced to move the Court to compel production. Thank you.

Very truly yours,

MICHAEL PAES