UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOAN KOSOFF                                                :

vs.                                                        : Civ. No. 3:03CV00203 (PCD)

GENERAL ELECTRIC CAPITAL CORPORATION:

ORDER RE MOTION TO COMPEL

It is hereby ORDERED:

1) General Objection 4 is overruled.

2) A privilege log shall be filed.

3) Request #2 has been withdrawn.

4) As to Request # 7, defendant shall produce any and all documents having any relation to the duties of the positions of Director of Contracts and Manager of Contracts, any comparison of such, any reasoning related to the elimination of the one and creation of the other and any consideration of the assignment of the duties of the Director of Contracts with particular reference to the assignment thereof to the position of Manager of Contracts.

5) As to request # 9, defendant shall list and describe all documents in Christine Wright's personnel file which were withheld and any claim of privilege asserted as to each. Within one week of receiving such, plaintiff shall file a statement of the relevance of each document production of which is pursued. Within one week of receipt of such statement, defendant shall deliver all material claimed to be privileged for an in camera court review.

6) The basis for defendant's view of plaintiff's salary obviously raises the question of high on what comparison. Defendant shall fully comply with Requests ## 13 and 20.

7) As to Request # 15, defendant shall provide any and all material considered and/or

reflective of its determination that bonuses would be awarded or not for each bonus plaintiff claims was denied to her including the number of persons eligible for such, of persons awarded such and persons not awarded such .

    8) Request # 17 need not be further complied with.

    9) As to Requests ## 18 and 19, though defendant does not define what it means by its willingness to produce "information within the range of relevance," it will be required to produce the requested information/material within the parameters of the last paragraph on page 8 of its October 30, 2003 Memorandum.

    10) Defendant will comply with Request # 21 in accordance with ¶ J of its Memorandum.

    11) For want of comparability, Request # 22 will be complied with only with respect to employees in positions comparable to plaintiff's and then only as to accommodation in the form of working at home.

    12) Request #24 will be complied with to the extent of material and information related to any claimed communication to plaintiff concerning the "RESOLVE" program.

    13) As to Request # 29, defendant's claim it disclosed what related to "plaintiff's role in the transfer of her files" missed the point. The Request will be complied with to the extent of documents related in any manner to the decision described in the request.

    14) Request # 31 shall be complied with to the extent of any material or information reflecting the communication to plaintiff, other than by posting, of any jobs for which she might have been considered as an alternative to termination.

    15) Request #34 shall be complied with to the extent of documents referring to any discussion of plaintiff in regard to her termination and the reasons therefore, the elimination

of her position and the allocation of the responsibilities thereof and her not being appointed Manager of Contracts.

Compliance ordered herein shall be completed on or before January 9, 2004. The following schedule is set for other discovery:

1) All fact witness depositions shall be completed by February 2, 2004.

2) The Parties shall designate, and provide reports by, experts by February 2, 2004.

3) Depositions of plaintiff's experts shall be completed by February 13, 2004 and of defendant's experts by February 23, 2004.

4) Dispositive motions shall be filed, compliant with the Supplemental Order, on or before March 1, 2004. Absent filing of such, a Trial Preparation Order will enter pointed to an April, 2004 jury selection and trial shortly thereafter.

It is appropriate to flag the inappropriate editorialization, bereft of legal reasoning and/or argument, in the filings related to the above discussed discovery. Examples are "plaintiff's mission to exploit the discovery process"; "as we have advised plaintiff on three occasions now"; "it is frankly absurd for plaintiff to suggest": "this poorly worded request"; Such adds nothing to a rational resolution but suggests the absence of sound legal reasons for a position taken.

The request for sanctions id denied as such are not warranted.

SO ORDERED.

Dated at New Haven, Connecticut this 18th day of December, 2003.

/s/
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE