UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Dec 22  3 40 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

---------------------------------------------------------- X
JOAN KOSSOFF,                        :
                                     :    Civil Action No. 3:03CV00203 (PCD)
           Plaintiff,                :
                                     :
v.                                   :
                                     :
GENERAL ELECTRIC CAPITAL             :
CORPORATION,                         :    DECEMBER 19, 2003
                                     :
           Defendant.                :
---------------------------------------------------------- X

## ANSWER

As its Answer to the Complaint filed on behalf of plaintiff Joan Kossoff ("plaintiff") in the above-captioned action, defendant General Electric Capital Corporation ("defendant" or "GE Capital") admits, denies and alleges as follows:

1.  Paragraph 1 of plaintiff's Complaint consists of a characterization of claims to which no response is required. Defendant, however, expressly denies there is merit to any of plaintiff's claims.

2.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 2 of plaintiff's Complaint.

3.  Defendant denies each and every allegation contained in Paragraph 3 of plaintiff's Complaint.

4.  Paragraph 4 of plaintiff's Complaint consists of legal conclusions to which no response is required.

1

5. Paragraph 5 of plaintiff's Complaint consists of legal conclusions to which no response is required.

6. Defendant admits the allegation contained in Paragraph 6 of plaintiff's Complaint on the basis of information and belief.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 7 of plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of plaintiff's Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of plaintiff's Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that she was diagnosed with sciatica, and expressly denies the allegation in Paragraph 10 of plaintiff's Complaint that defendant was aware of plaintiff's alleged diagnosis.

11. Defendant denies each and every allegation contained in Paragraph 11 of plaintiff's Complaint.

12. Defendant denies that plaintiff was entitled to, or required, a reasonable accommodation, but otherwise admits the allegations contained in Paragraph 12 of plaintiff's Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of plaintiff's Complaint.

14. Defendant denies that the conversation described in Paragraph 14 of plaintiff's Complaint took place in April 2000, but otherwise admits the allegations contained in said Paragraph.

15. Defendant denies each and every allegation contained in Paragraph 15 of plaintiff's Complaint, except admits that formal paralegal training was a requirement for the position of Manager of Contracts and that an attorney who had been responsible for certain aspects of the Phoenixcor portfolio left defendant's employ.

16. Defendant denies each and every allegation contained in Paragraph 16 of plaintiff's Complaint.

17. Defendant denies each and every allegation contained in Paragraph 17 of plaintiff's Complaint.

18. Defendant denies each and every allegation contained in Paragraph 18 of plaintiff's Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of plaintiff's Complaint on the basis of information and belief.

20. Defendant denies each and every allegation contained in Paragraph 20 of plaintiff's Complaint, except admits that plaintiff was asked to help cross-train Ms. Wright with regard to internal processes and documentation.

21. Defendant denies that plaintiff "trained" Ms. Wright for the position of Manager of Contracts, but admits that over the course of approximately three months plaintiff helped to cross-train Ms. Wright with regard to internal processes and documentation.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 22 of plaintiff's Complaint.

23. Defendant denies each and every allegation contained in Paragraph 23 of plaintiff's Complaint.

24. Defendant denies each and every allegation contained in Paragraph 24 of plaintiff's Complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of plaintiff's Complaint.

26. Defendant admits the allegation contained in Paragraph 26 of plaintiff's Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of plaintiff's Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of plaintiff's Complaint, and alleges that Ms. Wright commenced a maternity leave on August 30, 2001.

29. Defendant denies each and every allegation contained in Paragraph 29 of plaintiff's Complaint, except to admit that plaintiff assumed some of Ms. Wright's duties while she was on maternity leave.

30. Defendant denies each and every allegation contained in Paragraph 30 of plaintiff's Complaint.

31. Defendant denies each and every allegation contained in Paragraph 31 of plaintiff's Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of plaintiff's Complaint.

33. Defendant denies each and every allegation contained in Paragraph 33 of plaintiff's Complaint.

34. Defendant denies each and every allegation contained in Paragraph 34 of plaintiff's Complaint, except to admit that plaintiff satisfactorily handled those aspects of Ms. Wright's job that she was asked to assume while Ms. Wright was on maternity leave.

35. Defendant denies each and every allegation contained in Paragraph 35 of plaintiff's Complaint.

36. Defendant denies each and every allegation contained in Paragraph 36 of plaintiff's Complaint.

37. Defendant admits the allegations contained in Paragraph 37 of plaintiff's Complaint.

38. Defendant denies each and every allegation contained in Paragraph 38 of plaintiff's Complaint.

39. Defendant denies each and every allegation contained in Paragraph 39 of plaintiff's Complaint, except admits that in April 2002, plaintiff made an oral request for a copy of her personnel file.

40. The performance appraisal quoted in Paragraph 40 of plaintiff's Complaint speaks for itself, and the Court is referred to said document for its full force and effect.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 41 of plaintiff's Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of plaintiff's Complaint.

43.  Defendant denies each and every allegation contained in Paragraph 43 of plaintiff's Complaint.

44.  Defendant denies each and every allegation contained in Paragraph 44 of plaintiff's Complaint.

45.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 45 of plaintiff's Complaint.

46.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of plaintiff's Complaint.

### First Cause of Action

47.  Defendant incorporates by reference its responses to Paragraphs 1-46 of plaintiff's Complaint as though fully set forth herein.

48.  Paragraph 48 of plaintiff's Complaint consists of a legal conclusion to which no response is required.

49.  Defendant denies each and every allegation contained in Paragraph 49 of plaintiff's Complaint.

50.  Defendant denies each and every allegation contained in Paragraph 50 of plaintiff's Complaint.

### Second Cause of Action

51.  Defendant incorporates by reference its responses to Paragraphs 1-50 of plaintiff's Complaint as though fully set forth herein.

52.  Paragraph 52 of plaintiff's Complaint consists of a legal conclusion to which no response is required.

53. Defendant denies each and every allegation contained in Paragraph 53 of plaintiff's Complaint.

54. Defendant denies each and every allegation contained in Paragraph 54 of plaintiff's Complaint.

### Third Cause of Action

55-58. The Third Cause of Action was dismissed by Order dated November 3, 2003.

### Fourth Cause of Action

59-62. The Fourth Cause of Action was dismissed by Order dated November 3, 2003.

### Fifth Cause of Action

63. Defendant incorporates by reference its responses to Paragraphs 1-62 of plaintiff's Complaint as though fully set forth herein.

64. Defendant denies each and every allegation contained in Paragraph 64 of plaintiff's Complaint, except admits that the RESOLVE program was in effect during certain periods of plaintiff's employment by defendant.

65. Defendant denies each and every allegation contained in Paragraph 65 of plaintiff's Complaint.

66. Defendant denies each and every allegation contained in Paragraph 66 of plaintiff's Complaint.

67. Defendant denies each and every allegation contained in Paragraph 67 of plaintiff's Complaint.

68. Defendant denies each and every allegation contained in Paragraph 68 of plaintiff's Complaint.

69. Defendant denies each and every allegation contained in Paragraph 69 of plaintiff's Complaint.

70. Defendant denies each and every allegation contained in Paragraph 70 of plaintiff's Complaint.

### Sixth Cause of Action

71-77. The Sixth Cause of Action was dismissed by Order dated November 3, 2003.

### Seventh Cause of Action

78-84. The Seventh Cause of Action was dismissed by Order dated November 3, 2003.

### Eighth Cause of Action

85. Defendant incorporates by reference its responses to Paragraph 1-84 of plaintiff's Complaint as though fully set forth herein.

86. Defendant denies each and every allegation contained in Paragraph 86 of plaintiff's Complaint.

87. Defendant denies each and every allegation contained in Paragraph 87 of plaintiff's Complaint.

88. Defendant denies each and every allegation contained in Paragraph 88 of plaintiff's Complaint.

89. Defendant denies each and every allegation contained in Paragraph 89 of plaintiff's Complaint.

90. Defendant denies each and every allegation contained in Paragraph 90 of plaintiff's Complaint.

### Ninth Cause of Action

91.  Defendant incorporates by reference its responses to Paragraphs 90 of plaintiff's Complaint as though fully set forth herein.

92.  Defendant denies each and every allegation contained in Paragraph 92 of plaintiff's Complaint.

93.  Defendant denies each and every allegation contained in Paragraph 93 of plaintiff's Complaint.

94.  Defendant denies each and every allegation contained in Paragraph 94 of plaintiff's Complaint.

95.  Defendant denies each and every allegation contained in Paragraph 95 of plaintiff's Complaint.

96.  Defendant denies each and every allegation contained in Paragraph 96 of plaintiff's Complaint.

### Prayer for Relief

97.  Defendant denies each and every allegation contained in plaintiff's Prayer for Relief, and expressly denies that plaintiff is entitled to any of the relief requested therein.

### Defenses

Defendant alleges the following defenses to the claims asserted in plaintiff's Complaint:

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff does not suffer from a "disability" within the meaning of the Americans With Disabilities Act, and she is not "physically disabled" within the meaning of the Connecticut Fair Employment Practices Act, nor was she perceived as such.

### Third Defense

Even if plaintiff's alleged disability or alleged perceived disability or age was a factor in the decisions she alleges were discriminatory (and defendant denies such was the case), the same decisions would have been made on the basis of legitimate non-discriminatory business reasons.

### Fourth Defense

Plaintiff's claims, or certain of them, are barred by the applicable periods of limitation.

### Fifth Defense

Plaintiff's claims, or certain of them, have been waived and/or are barred by laches.

### Sixth Defense

Plaintiff has failed to exhaust available administrative remedies.

### Seventh Defense

Plaintiff's claim alleging negligent misrepresentation is barred, in whole or in part, by her contributory negligence.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, on the basis of "after-acquired" evidence.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Connecticut's workers' compensation laws.

### Tenth Defense

Plaintiff's claims are barred by her failure to exhaust the procedures of defendant's internal dispute resolution program known as RESOLVE.

### Eleventh Defense

Complainant has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

WHEREFORE, defendant prays that:

1. Plaintiff's Complaint be dismissed in its entirety, with prejudice;

2. Defendant be awarded all costs of suit, including attorneys' fees; and

3. Defendant be awarded such other and further relief as the Court deems appropriate.

Respectfully submitted,

WIGGIN & DANA LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600

By: _____
Lawrence Peikes (ct 07913)

Attorneys for Defendant
GENERAL ELECTRIC CAPITAL CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Answer was served on this 19th day of December, 2003, by facsimile transmission and first-class U.S. Mail, postage prepaid on:

        Michael Paes, Esq.
        Fern H. Paes, Esq.
        Paes & Paes, LLC
        4 Washington Avenue
        Sandy Hook, CT  06482

                      _____
                          Lawrence Peikes

\2542\7\80911.1