UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOAN KOSSOFF,

                Plaintiff,          Civ. Action No. 3:03CV00203(PCD)

    v.

GENERAL ELECTRIC CAPITAL CORPORATION,     DATE 1/12/04

                Defendant.

## STATEMENT OF RELEVANCY PURSUANT TO COURT ORDER

Plaintiff JOAN KOSSOFF, by her attorney, hereby files this Statement of Relevancy pursuant to the Court's 12/18/03 Order. In said Order, Defendant was required to provide all documents withheld from the personnel file of Christine Wright. This was provided 1/8/04 (Exhibit A). Plaintiff is to address each document, stating why it is relevant to the case at bar for the Court's *in camera* inspection. Plaintiff addresses each document in the order listed by Defendant.

Defendant claims previously-produced documents GE Bates No. 124 constitute all documents on Wright's offer letter. As such, there is no need for *in camera* inspection of this document.

The "Acknowledgment-Conditions of Employment" are relevant to the case at bar. At issue is whether Wright and Ms. Kossoff were subject to the same terms and conditions of employment (including whether or not Kossoff has the same documents in her personnel file), and whether their positions were substantially similar. As such, any documents speaking to this is necessary. If both parties were presented with the same documents, and both were kept in the personnel file in the same manner, there is no issue of confidentiality, and the documents should

be provided.  If not, it is relevant to show the differences in the relative  terms and conditions of employment.

Defendant claims previously-produced documents GE Bates 125-126 constitute all documents on Wright's resume, which were provided previously. As such, there is no need for *in camera* inspection of this document.

Wright's application for employment is also relevant.  The issue of Wright's qualifications versus Kossoff's are relevant, as Defendant claims that Kossoff was not qualified for the position which was given to Wright.  Ms. Kossoff's Application for Employment contained information regarding her qualifications and experience, and one must assume Wright's application form was similar or identical.

In Defendant's Opposition to Plaintiff's Motion to Compel, the documents cited as irrelevant are "benefit forms and payroll-related records".  Not only are these documents not present in the documents listed by Defendant, but Plaintiff submits that even these would be relevant.  The benefit forms could show whether Wright was given enhanced benefits over Kossoff.  Payroll records would provide evidence regarding Kossoff's and Wright's respective compensation, and as such are relevant (although the objection raised was not confidentiality, but relevance).  While neither of these documents were actually <u>in</u> Wright's personnel file, according to Defendant,  Plaintiff leaves to the court's discretion whether any part of said documents (if they indeed exist) should be redacted.

2

Defendant then lists:

- GE Capital Company E-Sources and Data Security Procedure;
- GE Capital Company E-Sources and Data Security Procedure - acknowledgment of receipt; and
- GE Innovation and Proprietary Information Agreement.

Kossoff's file contains similar documents. Her documents do not appear to contain any confidential information, but information listed includes position held. As this is an issue in the case, Plaintiff submits it is relevant.

The Notice Regarding Background Information Agreement could show whether Wright's qualifications as listed on her application and resume and/or employment application were indeed truthful. Plaintiff acknowledges that there likely could be information on it which is confidential, and as such leaves it to the Court's discretion.

Plaintiff is unaware of all contents contained on the "Fax Request Quality Check Program", and the Conflicts of Interest questionnaires, and as such, leaves it to the Court's discretion. Plaintiff admits that if the "Maintaining a Drug Free Workplace/Prevention of Substance Abuse - Acknowledgment of Policy 10.63" is merely an acknowledgment form, it is irrelevant, but without a more detailed explanation, cannot offer an opinion. Such is the reason for the request for *in camera* inspection.

However, the facts suggest that Defendant improperly misrepresents the contents of Wright's personnel file. According to Defendant, there are no reviews of Wright's performance

3

in her personnel file. Kossoff's personnel file, as provided by Defendant, contain performance reviews. Upon information and belief, Defendant reviews its employees' performance annually. Ms. Kossoff's review provided specific information regarding what she did during the year (Exhibit B). Because Defendant stated to the Commission on Human Rights and Opportunities that Kossoff, when she substituted for Wright, did not perform "the full panoply" of Wright's duties (Exhibit C), these documents should be compelled. In addition, as indicated above, in Defendant's Opposition to the Motion to Compel, it lists documents which are not in the list it now claims are all the documents in the file ("benefit forms and payroll-related records").

As this Court is aware, the schedule for discovery has been extended, to permit deposition of Defendant's witnesses. Should any further documents be ordered to be produced, Plaintiff respectfully requests that the Court extend the schedule so that Wright and other witnesses be recalled, and that Defendant be responsible for the costs of any further deposition, as its own failure to properly respond to Plaintiff's requests would be the sole reason for said further depositions.

Due to what Plaintiff submits is incomplete compliance with this Court's Order to Compel, a Motion for Order Requesting Compliance and related relief is being prepared pursuant to this Court's Supplemental Order.

WHEREFORE, Plaintiff respectfully requests that Defendant be ordered to produce these

4

documents, together with such other and further relief as to this Court may deem just and proper.

Respectfully submitted,

PAES & PAES, LLC
Attorney for Plaintiff
4 Washington Avenue
Sandy Hook, CT 06482
203-270-6441

By: _____
MICHAEL T. PAES
Federal Bar No. CT19303

CERTIFICATION    This certifies that a copy of this Statement of Relevancy was sent, via first class mail, postage prepaid, on this date, to Attorney Lawrence Peickes, Wiggin & Dana, LLP, 400 Atlantic Street, PO Box 110325, Stamford, CT 06911-0325.

MICHAEL PAES

5

# EXHIBIT

# A

## CONTENTS OF CHRISTINE WRIGHT'S PERSONNEL FILE

- Offer letter
- Acknowledgment-Conditions of Employment
- Resume
- Employment Application
- GE Capital Company E-Sources and Data Security Procedure
- GE Capital Company E-Sources and Data Security Procedure – Acknowledgment of Receipt
- GE Innovation and Proprietary Information Agreement
- Notice Regarding Background Investigation
- FAX Request Quality Check Program
- Questionnaire on Conflicts of Interest (Policy 30.5)
- Maintaining a Drug Free Workplace/Prevention of Substance Abuse – Acknowledgment of Policy 10.63
- Questionnaire on Company Policy 30.5 Avoiding Conflicts of Interest

\2542\7\81501.1

# EXHIBIT
# B



# EMS: JOAN  KOSSOFF

Kossoff 4
EXHIBIT
8-7-03  N

## Education

| University/College | Degree | Major | Grad Yr. | Location |
|---|---|---|---|---|
| Hunter College | B.A. | Pycology | 1962 | New York |

| Pre-University/High School | | Grad Yr. | | Location |
|---|---|---|---|---|
| Christopher Columbus | | 1958 | | New York |

## Corporate Training, Languages

Core Leadership Training      Leadership Programs      Languages

## Other Training

COBRA/PMS Training Class(1999)          Supertrump(1999)

Lease/Loan Product Class(1999)

## Other Qualifications

Bell Atlantic - Customer Service-Quality Service Award

Management in Excellence Award

Orix Leasing - Employee of the Year Award

Community service:  President (PTA); Cub Scout Leader, Girl Scout Leader;

Council Member - Clarkstown Bd of Education; Fund raising VP - Women's

American ORT; VP membership - Temple Beth Sholom; fund raising chairman - Temple Sisterhood

Exhibit 11
Exhibit 12
Exhibit 13
Exhibit 5
Exhibit 6
Exhibit 7
Exhibit 8
Exhibit 9
Exhibit 10

*Employment History*

| From | To | Job Title | Function | Band |
|------|-----|-----------|----------|------|
| | | Business | Manager | Location | |
| 07/1997 | 01/2001 | Director of Contracts/Support Services | Finance | CEF |
| CEF | | John Edel | Norwalk, CT | |
| 01/1995 | 07/1997 | Contracts Leader | Finance | B |
| Debis Financial Services | | Guy Owen | Norwalk, CT | |
| 12/1992 | 12/1994 | Manager-Vendor Division | Finance | N/A |
| Tricon Capital (Bell Atlantic) | | Gregg Wolff | Paramus, NJ | |
| 11/1987 | 11/1992 | Manager-Contracts | Finance | N/A |
| Orix, Inc. (Credit Alliance) | | Bar bara Sayegh | Orangeburg, NY | |
| 10/1982 | 11/1987 | Loan Administrator | Finance | NA |
| Barrett Capital & Leasing | | Barry Korn | Mamaroneck, NY | |

Strictly Private

Exhibit 1
Exhibit 2
Exhibit 3
Exhibit 4
Word Index

Accomplishments

- Coached and directed staff in management & orchestration of transaction from credit approval through to booking and funding the credit facility.
- Successfully trained Christine Wright, newly appointed Contracts Manager, in all aspects of the documentation & funding methods, principles and processes within the GE system. Provided hands-on-training for the GE System Information data base (COBRA, Lotus Notes and PMS)
- Established clear perfomance goals for Contract Department and myself using monthly audit and title report.
- Established solid working relationships with Danbury personnal in order to resolve problems and perform effectively within the Customer Service area.
- Gained greater understanding and developed high degree of proficiency regarding CEF products and data information systems.
- Demonstrated the ability to implement and take on new responsibiities within the Customer/Suport Service sector of GE.

## Strengths

- Work independently or as part of a team
- Successful time management of responsibilities
- Receptive to change - Ability to learn and quickly adjust to new routines and assignments.
- Builds and maintains effective working relationships with co-workers and external parties
- Takes measured risks to achieve benefits for the company
- Exhibits commitment beyond specific job responsibilities.

## Development Needs and Plans

- Attend course in order to develop broader understanding of financial statements.
- Utilize Audit and voucher report as an ongoing measurement tool. Identify problems and assess plans for resolutions.
- Commitment to continuous self improvement through ongoing self development within the GE framework.

## Career Interests

- Increase my understanding and knowledge of relationship between CEF products and legal compliance.
- Continue practical training in all aspects of GECC

00008



Interest In Global Assignment:     No.

Manager Assessment

## Contributions/Performance Trend

- Successfully transitioned from Documents to Costomer Service/Administration.
- Trained new documents manager, Christine Wright.
- In first half of year maintained documenting, funding and booking of deals on a generally timely basis.
- In the second half of the year sharply reduced title exceptions, voucher (suspense) items, and items on other exception reports.
- Broadened scope of contacts in Business Center to resolve policy issues, as well specific customer problems.

## Strengths

- Typically works with little supervision.
- Has both documentation and customer service skills, providing back up for either area.
- Commited and loyal. Receptive to change.
- Knows systems and procedures well.
- Appears to work well with customers.

## Development Needs

- Managerial strengths not always in evidence. Effective mangement course might be recommended.
- Basic course in credit analysis might be helpful.

## Career Interests

- Well placed for now. Health and commuting issues could be limiting factors in placing elsewhere.
- Advancement through Business Center seems likeliest career path.

| | | | |
|---|---|---|---|
| *Manager Prepared* | 2/7/0/ <br> Date | One-over-One Approved | Date |
| Employee Discussion <br> Ackowledgement | Date <br> Discussed | | |

00010

Strictly Private

Exhibit 11  Exhibit 12  Exhibit

Exhibit 5  Exhibit 6  Exhibit 7  Exhibit 8  Exhibit 9

**EXHIBIT**

**C**

Wiggin & Dana

Ms. Tanya A. Hughes
July 25, 2002
Page 4

In early 2001, GE Capital merged the CAF organization into the Small Business Finance Unit, which was headquartered in St. Louis, Missouri. As a result, other than Complainant, all of the employees responsible for portfolio servicing were stationed in St. Louis. Not surprisingly, this created inefficiencies and made little sense from an operational standpoint. GE Capital, therefore, eventually decided to transfer Complainant's duties to St. Louis where they were assumed by existing personnel already handling the same or similar customer service functions. Complainant was advised of this decision in June 2001, and was further informed at that time that once her customer service duties were fully transitioned to the St. Louis office, which would take several months, her position would be eliminated and she would be laid off. Complainant had no interest in relocating to St. Louis and seemingly understood and accepted the fact that she was slated for lay-off as a consequence of a rather routine post-acquisition corporate reorganization.

Thereafter, starting August 30, 2001, Ms. Wright went out on a maternity leave of absence. With Complainant's duties dwindling as they continued to be transitioned to St. Louis, Respondent decided to assign Complainant responsibility for handling a portion of Ms. Wright's job. By so doing, Respondent was able to extend Complainant's time on payroll beyond the completion of the transition of her customer service function until the end of the year. Complainant was well aware of the fact that her position would be eliminated and she would be laid-off shortly after Ms. Wright returned from her maternity leave.

Contrary to Complainant's allegations, she did not simply take over the Contracts Manager job while Ms. Wright was out on maternity leave. Rather, Complainant assumed those functions that were similar in fashion to the duties she had performed at Phoenixcor, the one substantial difference being that she did not take on Ms. Wright's responsibility for supervising the Contracts Specialists. Beyond that, moreover, Complainant was not expected, nor was she asked, to contend with the various legal points that were a staple of Ms. Wright's responsibilities. Rather, she was instructed by her manager, John Edel (age 64), to deal with the legal aspects of the job only to the best of her abilities. Mr. Edel directed Complainant to seek guidance with respect to all but the most perfunctory legal functions of Ms. Wright's position. Complainant performed the duties she was asked to take on in a satisfactory fashion, but she most certainly did not assume the full panoply of Ms. Wright's wide-ranging responsibilities.

**COPY**

1    UNITED STATES DISTRICT COURT
     DISTRICT OF CONNECTICUT
2    -------------------------------------------------X
     JOAN KOSSOFF,
3
                                    Plaintiff,
4
                    -against-
5                       Civil Action No. 3:03CV00203(PCD)
6    GENERAL ELECTRIC CAPITAL CORPORATION,
7                                    Defendant.
     -------------------------------------------------X
8
9                            400 Atlantic Street
                             Stamford, Connecticut
10                           August 7, 2003
                             10:00 a.m.
11
12
13
14                    EXAMINATION BEFORE TRIAL OF
15   Plaintiff, held at the above time and place,
16   before a Notary Public.
17
18
19
20                    SULLIVAN REPORTING
                      388 Tarrytown Road
21           White Plains, New York 10607
22                    (914) 220-6541
23
24
25

1                        Joan Kossoff
2      meant.
3                  Q.    Do you know what carryover of
4      direct transactions is?
5                  A.    The only thing I think of is
6      deals we were still involved in because they
7      were not dispersed to other regions.
8                  Q.    The next bullet point says
9      "assist in supervising doc specialists," who
10     are the doc specialists?
11                 A.    Doc specialist was Vicky and
12     Sabrina.
13                 Q.    You supervised them as
14     director of contracts?
15                 A.    Yes.
16                 Q.    But you would not supervise
17     them as director of support services?
18                 A.    No, I did not.
19                 Q.    Then it says "performing
20     administrative tasks, EG, reviewing and sorting
21     legal notices."  Is that something you had done
22     in the past?
23                 A.    I have no idea what that
24     means, no, I did not do that.  The only thing I
25     can say is if a bill would come in regarding a