UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- X
JOAN KOSSOFF,                                 :
                                              :   Civil Action No. 3:03CV00203 (PCD)
                    Plaintiff,                :
                                              :
v.                                            :
                                              :
GENERAL ELECTRIC CAPITAL                      :
CORPORATION,                                  :   MARCH 9, 2004
                                              :
                    Defendant.                :
------------------------------------------------------------- X

## ANSWER

As its Answer to the Amended Complaint filed on behalf of plaintiff Joan Kossoff ("plaintiff") in the above-captioned suit, defendant General Electric Capital Corporation ("defendant" or "GE Capital") admits, denies and alleges as follows:

1. Paragraph 1 of plaintiff's Amended Complaint consists of a characterization of claims to which no response is required. Defendant, however, expressly denies there is merit to any of plaintiff's claims.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 2 of plaintiff's Amended Complaint.

3. Defendant admits the allegation contained in Paragraph 3 of plaintiff's Amended Complaint.

4. Paragraph 4 of plaintiff's Amended Complaint consists of legal conclusions to which no response is required.

5. Paragraph 5 of plaintiff's Amended Complaint consists of legal conclusions to which no response is required.

6. Defendant admits the allegation contained in Paragraph 6 of plaintiff's Amended Complaint on the basis of information and belief.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 7 of plaintiff's Amended Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of plaintiff's Amended Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of plaintiff's Amended Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of plaintiff's allegation that she was diagnosed with sciatica, and expressly denies the allegation in Paragraph 10 of plaintiff's Amended Complaint that defendant was aware of plaintiff's alleged diagnosis.

11. Defendant denies each and every allegation contained in Paragraph 11 of plaintiff's Amended Complaint.

12. Defendant denies that plaintiff was entitled to, or required, a reasonable accommodation, but otherwise admits the allegations contained in Paragraph 12 of plaintiff's Amended Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of plaintiff's Amended Complaint.

14. Defendant denies that the conversation described in Paragraph 14 of plaintiff's Amended Complaint took place in April 2000, but otherwise admits the allegations contained in said Paragraph.

15. Defendant denies each and every allegation contained in Paragraph 15 of plaintiff's Amended Complaint, except admits that formal paralegal training was a requirement for the position of Manager of Contracts and that an attorney who had been responsible for certain aspects of the Phoenixcor portfolio left defendant's employ.

16. Defendant denies each and every allegation contained in Paragraph 16 of plaintiff's Amended Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of plaintiff's Amended Complaint regarding the timing and specific content of any particular conversation between plaintiff and Mr. Edel, but admits that plaintiff was permitted to work from home one day per week and that her compensation and benefits were unaffected by the change in her position.

18. Defendant denies each and every allegation contained in Paragraph 18 of plaintiff's Amended Complaint.

19. Defendant denies each and every allegation contained in Paragraph 19 of plaintiff's Amended Complaint.

20. Defendant denies each and every allegation contained in Paragraph 20 of plaintiff's Amended Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of plaintiff's Amended Complaint on the basis of information and belief.

22. Defendant denies each and every allegation contained in Paragraph 22 of plaintiff's Amended Complaint, except admits that plaintiff was asked to help cross-train Ms. Wright with regard to internal processes and documentation.

23.  Defendant denies the allegation in Paragraph 32 of plaintiff's Amended Complaint that plaintiff "trained" Ms. Wright for the position of Manager of Contracts, but admits that over the course of approximately three months plaintiff helped to cross-train Ms. Wright with regard to internal processes and documentation.

24.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 24 of plaintiff's Amended Complaint.

25.  Defendant denies each and every allegation contained in Paragraph 25 of plaintiff's Amended Complaint.

26.  Defendant denies each and every allegation contained in Paragraph 26 of plaintiff's Amended Complaint.

27.  Defendant denies each and every allegation contained in Paragraph 27 of plaintiff's Amended Complaint.

28.  Defendant denies each and every allegation contained in Paragraph 28 of plaintiff's Amended Complaint.

29.  Defendant denies each and every allegation contained in Paragraph 29 of plaintiff's Amended Complaint.

30.  Defendant denies each and every allegation contained in Paragraph 30 of plaintiff's Amended Complaint.

31.  Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 31 of plaintiff's Amended Complaint concerning the specific timing and content of any particular conversation between plaintiff and Mr. Edel, but admits that Mr. Edel notified plaintiff that he had recommended she receive a raise.

32. Defendant denies each and every allegation contained in Paragraph 32 of plaintiff's Amended Complaint, and alleges that Ms. Wright commenced a maternity leave on August 30, 2001.

33. Defendant denies each and every allegation contained in Paragraph 33 of plaintiff's Amended Complaint, except to admit that while Ms. Wright was on maternity leave, plaintiff assumed responsibility for certain tasks that might otherwise have been performed by Ms. Wright.

34. Defendant denies each and every allegation contained in Paragraph 34 of plaintiff's Amended Complaint.

35. Defendant denies each and every allegation contained in Paragraph 35 of plaintiff's Amended Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of plaintiff's Amended Complaint.

37. Defendant denies each and every allegation contained in Paragraph 37 of plaintiff's Amended Complaint.

38. Defendant denies each and every allegation contained in Paragraph 38 of plaintiff's Amended Complaint, except to admit that plaintiff satisfactorily handled those duties she was asked to assume while Ms. Wright was on maternity leave.

39. Defendant denies each and every allegation contained in Paragraph 39 of plaintiff's Amended Complaint.

40. Defendant denies each and every allegation contained in Paragraph 40 of plaintiff's Amended Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of plaintiff's Amended Complaint.

42. Defendant denies each and every allegation contained in Paragraph 42 of plaintiff's Amended Complaint.

43. Defendant denies each and every allegation contained in Paragraph 43 of plaintiff's Amended Complaint, except admits that in April 2002, plaintiff made an oral request for a copy of her personnel file.

44. Defendant denies the allegation in Paragraph 44 of plaintiff's Amended Complaint that plaintiff's April 2002 request for a copy of her personnel file was her "second" such request, but admits such a request was in fact made at that time.

45. The performance appraisal quoted in Paragraph 45 of plaintiff's Amended Complaint speaks for itself, and the Court is referred to said document for its full force and effect.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 46 of plaintiff's Amended Complaint.

47. Defendant denies the allegation in Paragraph 47 of plaintiff's Amended Complaint that the performance appraisal "contained information about medical issues," but admits that the document was not maintained in a "separate locked file."

48. Defendant denies each and every allegation contained in Paragraph 48 of plaintiff's Amended Complaint.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 49 of plaintiff's Amended Complaint.

50. Paragraph 50 of plaintiff's Amended Complaint purports to characterize an allegation plaintiff attributes to defendant and does not allege any fact; therefore, no response is required.

51. Defendant denies each and every allegation contained in Paragraph 51 of plaintiff's Amended Complaint.

52. Defendant denies each and every allegation contained in Paragraph 52 of plaintiff's Amended Complaint.

53. Defendant admits the allegations contained in Paragraph 53 of plaintiff's Amended Complaint on the basis of information and belief.

54. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of plaintiff's Amended Complaint.

### First Cause of Action

55. Defendant incorporates by reference its responses to Paragraphs 1-54 of plaintiff's Amended Complaint as though fully set forth herein.

56. Paragraph 56 of plaintiff's Amended Complaint consists of a legal conclusion to which no response is required.

57. Defendant denies each and every allegation contained in Paragraph 57 of plaintiff's Amended Complaint.

58. Defendant denies each and every allegation contained in Paragraph 58 of plaintiff's Amended Complaint.

### Second Cause of Action

59. Defendant incorporates by reference its responses to Paragraphs 1-58 of plaintiff's Amended Complaint as though fully set forth herein.

60. Paragraph 60 of plaintiff's Amended Complaint consists of a legal conclusion to which no response is required.

61. Defendant denies each and every allegation contained in Paragraph 61 of plaintiff's Amended Complaint.

62. Defendant denies each and every allegation contained in Paragraph 62 of plaintiff's Amended Complaint.

### Third Cause of Action

63. Defendant incorporates by reference its responses to Paragraphs 1-62 of plaintiff's Amended Complaint as though fully set forth herein.

64. Defendant denies each and every allegation contained in Paragraph 64 of plaintiff's Amended Complaint, except admits that the RESOLVE program was in effect during certain periods of plaintiff's employment by defendant.

65. Defendant denies each and every allegation contained in Paragraph 65 of plaintiff's Amended Complaint.

66. Defendant admits the allegations contained in Paragraph 66 of plaintiff's Amended Complaint.

67. Paragraph 67 of plaintiff's Amended Complaint consists of a legal conclusion to which no response is required and/or is based on a false assumption of law.

68. Paragraph 68 of plaintiff's Amended Complaint purports to characterize the terms of the RESOLVE program, which document speaks for itself.

69. Defendant denies each and every allegation contained in Paragraph 69 of plaintiff's Amended Complaint.

70. Defendant denies each and every allegation contained in Paragraph 70 of plaintiff's Amended Complaint.

71. Defendant denies each and every allegation contained in Paragraph 71 of plaintiff's Amended Complaint.

72. The allegations contained in Paragraph 72 of plaintiff's Amended Complaint relate to that aspect of plaintiff's claim for breach of the covenant of good faith and fair dealing that was dismissed by Order dated November 3, 2003.

73. Defendant denies each and every allegation contained in Paragraph 73 of plaintiff's Amended Complaint.

### Fourth Cause of Action

74. Defendant incorporates by reference its responses to Paragraph 1-73 of plaintiff's Amended Complaint as though fully set forth herein.

75. Defendant denies each and every allegation contained in Paragraph 75 of plaintiff's Amended Complaint.

76. Defendant denies each and every allegation contained in Paragraph 76 of plaintiff's Amended Complaint.

77. Defendant denies each and every allegation contained in Paragraph 77 of plaintiff's Amended Complaint.

78. Defendant denies each and every allegation contained in Paragraph 78 of plaintiff's Amended Complaint.

79. Defendant denies each and every allegation contained in Paragraph 79 of plaintiff's Amended Complaint.

80. Defendant denies each and every allegation contained in Paragraph 80 of plaintiff's Amended Complaint.

### Fifth Cause of Action

81. Defendant incorporates by reference its responses to Paragraphs 1-80 of plaintiff's Amended Complaint as though fully set forth herein.

82. Defendant denies each and every allegation contained in Paragraph 82 of plaintiff's Amended Complaint.

83. Defendant denies each and every allegation contained in Paragraph 83 of plaintiff's Amended Complaint.

84. Defendant denies each and every allegation contained in Paragraph 84 of plaintiff's Amended Complaint.

85. Defendant denies each and every allegation contained in Paragraph 85 of plaintiff's Amended Complaint.

86. Defendant denies each and every allegation contained in Paragraph 86 of plaintiff's Amended Complaint.

87. Defendant denies each and every allegation contained in Paragraph 87 of plaintiff's Amended Complaint.

### Prayer for Relief

88. Defendant denies each and every allegation contained in plaintiff's Prayer for Relief, and expressly denies that plaintiff is entitled to any of the relief requested therein.

### Defenses

Defendant alleges the following defenses to the claims asserted in plaintiff's Amended Complaint:

### First Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff does not suffer from a "disability" within the meaning of the Americans With Disabilities Act, nor was she perceived as such.

### Third Defense

Even if plaintiff's alleged disability or alleged perceived disability or age was a factor in the decisions she alleges were discriminatory (and defendant denies such was the case), the same decisions would have been made on the basis of legitimate non-discriminatory business reasons.

### Fourth Defense

Plaintiff's claims, or certain of them, are barred by the applicable periods of limitation.

### Fifth Defense

Plaintiff's claims, or certain of them, have been waived and/or are barred by laches.

### Sixth Defense

Plaintiff has failed to exhaust available administrative remedies.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, on the basis of "after-acquired" evidence.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Connecticut's workers' compensation laws.

11

### Ninth Defense

Plaintiff has failed to mitigate her alleged damages, any entitlement to which is expressly denied.

WHEREFORE, defendant prays that:

1. Plaintiff's Amended Complaint be dismissed in its entirety, with prejudice;

2. Defendant be awarded all costs of suit, including attorneys' fees; and

3. Defendant be awarded such other and further relief as the Court deems appropriate.

        Respectfully submitted,

        Wiggin and Dana LLP
        400 Atlantic Street
        P.O. Box 110325
        Stamford, CT 06911-0325
        (203) 363-7600
        (203) 363-7676 (fax)

By:_____
        Lawrence Peikes (ct 07913)
        lpeikes@wiggin.com

Attorneys for Defendant
GENERAL ELECTRIC CAPITAL CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Answer was served on this 9th day of March, 2004, by facsimile transmission and first-class U.S. Mail, postage prepaid on:

>Michael Paes, Esq.
>Fern H. Paes, Esq.
>Paes & Paes, LLC
>4 Washington Avenue
>Sandy Hook, CT  06482

_____
Lawrence Peikes

\2542\7\84075.1