UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- X
JOAN KOSSOFF,                                             :
                                                          :    Civil Action No. 3:03CV00203 (PCD)
                    Plaintiff,                            :
                                                          :
v.                                                        :
                                                          :
GENERAL ELECTRIC CAPITAL                                  :
CORPORATION,                                              :    MARCH 1, 2004
                                                          :
                    Defendant.                            :
---------------------------------------------------------- X

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant General Electric Capital Corporation ("defendant" or "GE Capital"), by its attorneys, Wiggin and Dana LLP, hereby moves this Honorable Court for an Order granting summary judgment in defendant's favor and dismissing the Amended Complaint filed by plaintiff Joan Kossoff ("plaintiff") in the above-captioned matter in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 56(c).

Plaintiff's Amended Complaint purports to allege federal claims for age discrimination and disability-based discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., respectively, as well as common law claims for Breach of the Covenant of Good Faith and Fair Dealing, Negligent Misrepresentation, and Fraud. The record developed during discovery shows that none of these causes of action give rise to a triable issue of material fact.

**ORAL ARGUMENT REQUESTED**

For two separate and independent reasons, plaintiff's ADA claims fail as a matter of law: first, the record is devoid of evidence that plaintiff is substantially impaired in her ability to perform a major life activity, or was perceived as such by defendant, and, therefore, plaintiff is not within the class of persons protected under the ADA; and, second, even assuming, *arguendo*, that plaintiff suffers from an ADA-covered disability, she nevertheless has adduced no evidence of a causal link between her alleged disability and any of the adverse employment decisions alleged to be discriminatory. Likewise, the record is bereft of evidence sufficient to sustain a finding that plaintiff's age was a motivating factor in connection with any such decisions.

More particularly, it is undisputed that: (i) plaintiff lacked the qualifications required for the Contracts Manager position she claims to have been discriminatorily denied; (ii) although her manager recommended her for a raise in 2002, that recommendation was rejected for the legitimate reasons that plaintiff had been slated for layoff in early 2002 and her 2001 salary was already well above scale for her position; (iii) contrary to plaintiff's allegation that she was denied a VIC bonus for 2002, defendant did in fact award her such a bonus in the amount of $5000.00; and (iv) defendant terminated plaintiff's employment as a consequence of a restructuring resulting in the reallocation of her responsibilities to existing employees in St. Louis. None of these legitimate reasons for the actions taken can be shown by competent evidence to be a pretext masking an unlawful age-based or disability-based motivation.

Plaintiff similarly fails to establish a triable issue of material fact with respect to her common law claims alleging breach of the covenant of good faith and fair dealing, negligent misrepresentation and fraud. The breach of covenant claim is predicated on the refuted allegation that defendant concealed its internal dispute resolution program, known as RESOLVE, from plaintiff and then attempted to use RESOLVE as a means of derailing her administrative

claim before the Connecticut Commission on Human Rights and Opportunities ("CHRO"). It is undisputed that the RESOLVE program was not concealed from plaintiff, but in fact plaintiff was made aware of RESOLVE at the time of its implementation. Finally, plaintiff's fraud and negligent misrepresentation claims cannot be sustained because there is no evidence of a false representation, or detrimental reliance.

For these reasons, as articulated more fully in the memorandum of law submitted herewith, and as further supported by the accompanying Local Rule 56(a)1 Statement and the deposition excerpts and exhibits annexed to the affidavit of counsel, defendant's motion for summary judgment should be granted, and plaintiff's Amended Complaint dismissed in its entirety, with prejudice.

Respectfully submitted,

Wiggin and Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600
(203) 363-7676 (fax)

By: _____
       Lawrence Peikes (ct 07913)
       lpeikes@wiggin.com

Attorneys for Defendant
GENERAL ELECTRIC CAPITAL CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Defendant's Motion for Summary Judgment was served on this 1st day of March, 2003, by first-class U.S. mail, postage prepaid, on:

>Michael T. Paes, Esq.
>Fern H. Paes, Esq.
>Paes & Paes, LLC
>4 Washington Avenue
>Sandy Hook, CT  06482

_____
Lawrence Peikes

\2542\7\83500.1