UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- X
JOAN KOSSOFF,                              :
                                           :   Civil Action No. 3:03CV00203 (PCD)
                    Plaintiff,             :
                                           :
v.                                         :
                                           :
GENERAL ELECTRIC CAPITAL                   :
CORPORATION,                               :   APRIL 5, 2004
                                           :
                    Defendant.             :
---------------------------------------------------------- X

### AFFIDAVIT OF JENNIFER CHERRY

STATE OF CONNECTICUT)
                    ) ss:
COUNTY OF FAIRFIELD )

JENNIFER CHERRY, being duly sworn deposes and says:

1. I am over the age of eighteen (18) and fully understand the meaning and significance of an oath. This affidavit is submitted in support of defendant's motion for summary judgment in the above-captioned case, and will supplement my deposition testimony to encompass matters about which I was not questioned. All facts attested to herein are based on my own personal knowledge and/or books and records maintained by defendant in the ordinary course of business.

2. I provided a deposition in this case on January 27, 2004. During the course of my deposition, plaintiff's counsel inquired about a document (Exh. 12C) entitled "Employee Q&A – For Manager Use Only – Do Not Distribute to Employees." The exhibit was marked "DRAFT" and dated February 16, 2000. At deposition I testified, on page 147, that this document was prepared in anticipation of questions that might be posed by former Phoenixcor employees

1

affected by a layoff. I acknowledged the document states that affected employees will receive information about open positions in their layoff packages, and that such information was not included in the documentation provided to plaintiff in connection with her layoff. The Q&A, however, was applicable only to the acquisition-related group layoff of a substantial number of former Phoenixcor employees that took place in 2000 and did not apply to plaintiff, who was laid off in February 2002.

      3.    Counsel also asked me at deposition whether the RESOLVE program was mandatory for employees on payroll as of the date RESOLVE was first rolled out. At the time, I could not recall RESOLVE's requirements in this regard. Counsel did not show me the RESOLVE documentation that had been produced to plaintiff in discovery. These documents are attached hereto as Exhibit A and reflect that current employees were required to process grievances through the first three (3) steps of RESOLVE, culminating in mediation. If the grievance remained unresolved, current employees were free to arbitrate their claims under RESOLVE or proceed with a court action.

_____
Jennifer Cherry

Subscribed to and sworn before
me this ___ day of April 2004

_____
Notary Public

My commission expires on  4/30/08

ALLISON PACHECO
NOTARY PUBLIC
STATE OF CONNECTICUT
My Commission Expires April 30, 2008

\2542\

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing Affidavit of Jennifer Cherry was sent on April 5, 2004 via U.S. Mail, postage prepaid to:

>Michael Paes, Esq.
>Paes & Paes, LLC
>4 Washington Avenue
>Sandy Hook, CT 06482

_____
Lawrence Peikes