UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

JOAN KOSSOFF,

        Plaintiff,

v.

GENERAL ELECTRIC CAPITAL
CORPORATION,

        Defendant.

Civil Action No. 3:03CV00203 (PCD)

APRIL 29, 2004

---

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF

Defendant has no intention of dignifying plaintiff's proposed sur-reply brief with a point by point supplemental memorandum of law that, in the end, would be an exercise in redundancy. Rather, at this point everything needed to be said has been said, and we leave it for the Court to assay the discovery record and the case law cited in defendant's prior memoranda, which more than amply demonstrate the utter lack of merit to plaintiff's assertion that a sur-reply brief is necessary "to address errors of fact and law raised by Defendant in its Reply Brief." For multiple separate and independent non-substantive reasons, however, plaintiff's motion for leave to file a sur-reply brief should be denied.

First of all, plaintiff's proposed sur-reply brief is way too long, being fourteen (14) pages in length, exclusive of attachments. Pursuant to D. Conn. L. Civ. R. 7(d), a *reply brief* may not exceed ten (10) pages. While the Local Civil Rules do not specifically address sur-reply briefs, it is only logical that the page limitation on reply briefs sets the absolute outer limit on the length of a sur-reply brief.

Second, under D. Conn. L. Civ. R. 7(d), a reply brief, and by logical extension a motion for leave to file a sur-reply brief, "must be filed within 10 days of the filing of the responsive brief to which reply is being made, as computed under Fed. R. Civ. P. 6." Defendant's reply brief is dated April 5, 2004. Ten (10) days hence, as calculated in accordance with Fed. R. Civ. P. 6 (i.e., exclusive of weekends and legal holidays), was April 19, 2004. Plaintiff's motion for leave to file a sur-reply brief is dated April 22, 2004, and is therefore late.[1]

Third, D. Conn. L. Civ. R. 7(d) further provides that a reply brief "must be strictly confined to a discussion of matter raised by the responsive brief ..." Plaintiff's proposed sur-reply brief, however, contains extended discussions of several matters that are outside the scope of defendant's reply brief. By way of example, and not limitation, the entire section entitled "Contracts Manager Position" consists of fresh arguments that plaintiff could easily have included in her opposition brief. Even more glaring is plaintiff's lengthy musing about Mr. Edel's employment by defendant and her unfounded opinion that he may have been the victim of age-based or disability-based discrimination. Setting aside the fact that even Mr. Edel does not believe he was discriminated against by defendant, and the sheer irrelevance of Mr. Edel's treatment, the matter was not at all touched on in defendant's reply brief. Even where leave to file a sur-reply brief has been granted, this district court has cautioned parties not to treat such leave "as an invitation to submit evidence that should properly have been filed with the opposition." Hale Propeller, L.L.C. v. Ryan Marine Products Pty., Ltd., 151 F. Supp. 2d 183, 201 (D. Conn. 2001).

Fourth, and further evidencing that plaintiff is simply using the mechanism of a sur-reply brief as a means of presenting arguments she neglected to include in her opposition papers,

---

[1] For reasons that are unclear, the service copy of plaintiff's motion was not received in the office of defendant's counsel until April 29, 2004.

2

virtually every case plaintiff purports to distinguish in the proposed sur-reply was cited in defendant's opening brief. For whatever reason, plaintiff elected not to offer her (patently erroneous) analysis of those cases in her opposition brief. It is far too late in the day for her to do so now.

"The Local Rules allow the opposing party to file a memorandum in opposition to the initial motion, to which the moving party may (but is not required to) file a reply. Any further memoranda, such as a surreply, may be filed only with leave of court ..." Marczeski v. Law, 122 F. Supp. 2d 315, 317 (D. Conn. 2000). The leave requirement is in place because "there must be some limitation on briefing ... if this matter is ever to be finally resolved." Rand-Whitney Containerboard Ltd. Partnership v. Town of Montville, 289 F. Supp. 2d 62, 85, n.41 (D. Conn. 2003). For the reasons stated above, that "limitation on briefing" has been reached. Plaintiff's motion for leave to file a sur-reply brief should therefore be denied.

Respectfully submitted,

Wiggin and Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600
(203) 363-7676 (fax)

By: _____
Lawrence Peikes (ct 07913)
lpeikes@wiggin.com

Attorneys for Defendant
GENERAL ELECTRIC CAPITAL CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Leave to File Sur-Reply Brief was served on this 29th day of April, 2004, by first-class U.S. mail, postage prepaid, on:

>Michael T. Paes, Esq.
>Fern H. Paes, Esq.
>Paes & Paes, LLC
>4 Washington Avenue
>Sandy Hook, CT 06482

_____
Lawrence Peikes

\2542\7\86323.1