UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOAN KOSSOFF,

        Plaintiff,

Civ. Action No. 3:03CV00203(PCD)

v.

GENERAL ELECTRIC CAPITAL CORPORATION,    DATE: May 27, 2004

        Defendant.

FILED
MAY 28   1 35 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

### PLAINTIFF'S REPLY TO DEFENDANT'S "NOTICE OF INTERVENING AUTHORITY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT"

Plaintiff JOAN KOSSOFF hereby files this Memorandum in opposition to Defendants' "Notice of Intervening Authority in Further Support of Defendant's Motion for Summary Judgment. Plaintiff stands by the legal authority in its reply and sur-reply briefs. Further, as detailed below, Defendant's reliance on Williams v. R.H. Donnelly Corp. is misplaced, as the facts in that case are different from the case at bar. As such, the motion should be denied, with prejudice.

With respect to the issue of Kossoff being denied the position of Contracts Manager, Plaintiff cited Griggs v. Duke Power Company, 401 U.S. 424 (1971). Griggs stated when dealing with a denial of a position, the standard for determining whether or not an employer's alleged job requirement is proper is business necessity (See Plaintiff's sur-reply brief, pages 8 - 9). The Court further re-affirmed this decision in 1988 in Watson v. Ft. Worth Bank and Trust. Clearly a decision of the United States Supreme Court is binding over that of the court in the Second Circuit (the Second Circuit case cited by the Defendant), especially as Griggs is factually similar to that of Ms. Kossoff.

In comparison, the claim before the Second Circuit in Williams was for denial of a promotion. As Plaintiff has detailed in her pleadings, the Contracts Manager position was not a

promotion. In this case, Defendant discontinued Ms. Kossoff's position (Director/Manager of Contracts), and created a position of Contracts Manager, with substantially the same duties. Kossoff had been performing these duties prior to the "job elimination", and in fact, filled in for her replacement, Christine Wright, while Wright was out on maternity leave. There is no issue of promotion here. As such, any legal authority which <u>Williams</u> may have as compared to <u>Griggs</u> is misplaced, as the issue is not the same.

Plaintiff respectfully requests that the court deny Defendant's motion in its entirety, together with such other and further relief as this court may deem just and proper.

Respectfully submitted,
THE PLAINTIFF - JOAN KOSSOFF

By: _____
MICHAEL PAES, ESQ. - Bar No. CT 19303
Paes & Paes, LLC
4 Washington Avenue
Sandy Hook, CT 06482
203-270-6441

CERTIFICATION - This is to certify that a copy of this Memorandum in Opposition, with all exhibits, was sent, via first class mail, postage prepaid, on this date, to all counsel of record.

_____
MICHAEL PAES

2