UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| JOAN KOSSOFF, | : |
| | : Civil Action No. 3:03CV00203 (PCD) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| GENERAL ELECTRIC CAPITAL | : |
| CORPORATION, | : JANUARY 18, 2005 |
| | : |
| Defendant. | : |

---

### NOTICE OF INTERVENING AUTHORITY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant's motion for summary judgment in the above-captioned employment discrimination case was fully briefed and submitted on April 12, 2004, and remains pending before the Court. One of plaintiff's principal claims is that she was not considered to fill the position of Contracts Manager ostensibly on account of her age or alleged disability in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, respectively, as well as the Connecticut Fair Employment Practices Act ("FEPA"), Conn. Gen. Stat. §§ 46a-60, *et seq.*

As discussed at length in the memoranda of law previously submitted by defendant, among the stated qualifications for the Contracts Manager job was paralegal training and experience. Plaintiff concededly lacks these qualifications, but avers that she was nevertheless fully capable of performing the tasks of a Contracts Manager. It is plaintiff's contention that paralegal training and experience were not truly required in order to effectively serve in the role of Contracts Manager and, she argues, a jury should have the final word as to whether the qualifications set by defendant were job-related.

Second Circuit precedent plainly forecloses plaintiff's claim because, as reiterated in our previous notice of intervening authority, it is well-settled that "in order to prove a prima facie case of discrimination, [plaintiff] must show that she met the defendant's criteria for the position." Williams v. R.H. Donnelley Corp., 368 F.3d 123, 127 (2d Cir. 2004). Plaintiff, as noted, admittedly is incapable of making such a showing. Nor has plaintiff identified evidence in the record allowing for an inference that defendant "relaxed the qualifications necessary for the [Contracts] Manager position," id., or "disregarded th[e] [disqualifying] requirement as to other applicants." Id. at 129. To the contrary, it is undisputed that every applicant interviewed for the position, including the successful candidate, satisfied the paralegal training and experience requirement.

Although Connecticut courts generally rely on federal authority when interpreting textually similar provisions of the State anti-discrimination statute, see, e.g., Board of Education of City of Norwalk v. Commission on Human Rights and Opportunities, 266 Conn. 492, 504-10, 832 A.2d 660 (2003), in Williams, the Second Circuit did not have occasion to consider an FEPA claim. Nevertheless, the Supreme Court of Connecticut's recent decision in Dep't of Transportation v. Commission on Human Rights and Opportunities, 272 Conn. 457, __ A.2d __ (2005) confirms that as to the particular issue at hand, state and federal law are in accord.

In that case, an employee of the Department of Transportation ("DOT"), Mather, filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") alleging that the DOT "had discriminated against him on the basis of his race and national origin, by not promoting him to the position of transportation principal engineer ..." Id. at 458. The DOT defended its decision to reject Mather's application on two grounds, namely, that Mather "had interviewed poorly and that he did not possess a professional engineer license," id. at 464,

which, per the job posting, "was required for the position." Id. at 461. On appeal, the DOT claimed it was entitled to judgment as a matter of law, notwithstanding a factual finding that its "purported reliance on Mather's substandard interview performance was a pretext for discrimination," because "Mather's failure to obtain a professional engineer license was a legitimate, nondiscriminatory reason for the department's decision not to promote him." Id. at 459.

Agreeing with the DOT, the State Supreme Court explained that "because it is uncontested that Mather's attainment of the professional engineer license was an absolute prerequisite to his promotion, and because Mather did not obtain that license, he simply was not eligible for the promotion. In other words, because the record conclusively reveals a legitimate, nondiscriminatory reason for the department's decision, Mather cannot prevail on his claim that he was the victim of unlawful discrimination." Id. at 468. Likewise, in the matter *sub judice*, plaintiff's admitted lack of paralegal training and experience "was an absolute bar to [her appointment to the position of Contracts Manager] and, therefore, served as an independent, nonpretextual reason for [defendant's] decision not to [appoint] her." Id.

The Supreme Court of Connecticut's recently issued decision in Dep't of Transportation v. Commission on Human Rights and Opportunities makes it all the more apparent that, as defendant's previous submissions had already clearly established, summary judgment is properly entered as to, *inter alia*, plaintiff's claim alleging discriminatory denial of the Contracts Manager position. A copy of the opinion is attached for the Court's convenience.

Respectfully submitted,

Wiggin and Dana LLP
400 Atlantic Street
P.O. Box 110325
Stamford, CT  06911-0325
(203) 363-7600
(203) 363-7676 (fax)

By: _____
Lawrence Peikes (ct 07913)
lpeikes@wiggin.com

Attorneys for Defendant
GENERAL ELECTRIC CAPITAL CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing Notice of Intervening Authority in Further Support of Defendant's Motion for Summary Judgment was served on this 18th day of January, 2005, by first-class U.S. mail, postage prepaid, on:

>Michael T. Paes, Esq.
>Fern H. Paes, Esq.
>Paes & Paes, LLC
>4 Washington Avenue
>Sandy Hook, CT  06482

_____
Lawrence Peikes

\2542\7\96995.1