UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOAN KOSSOFF,

          Plaintiff,

v.

GENERAL ELECTRIC CAPITAL
CORPORATION,

          Defendant.

Civ. Action No. 3:03CV00203(PCD)

DATE February 7, 2005

FILED 2005 FEB -8 P 2:13 U.S. DISTRICT COURT NEW HAVEN CT

## PLAINTIFF'S MOTION FOR LEAVE TO REPLY TO DEFENDANT'S NOTICE OF INTERVENING AUTHORITY

Plaintiff respectfully requests leave of this court to reply to Defendant's 1/18/05 Notice of Intervening Authority, a copy of which is attached. Plaintiff files this reply to address errors of fact and law raised by Defendant in its notice.

WHEREFORE, Plaintiff respectfully requests that this Court grant leave for Plaintiff to file the attached Reply Brief, together with such other and further relief as this Court may deem just and proper.

                              Respectfully submitted
                              The Plaintiff, JOAN KOSSOFF
                              By:
                                  Michael T. Paes
                                  Paes & Paes, LLC
                                  4 Washington Avenue
                                  Sandy Hook, CT   06482
                                  2030270-6441/ Fed. Bar No. CT19303

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOAN KOSSOFF,

        Plaintiff,

Civ. Action No. 3:03CV00203(PCD)

v.

GENERAL ELECTRIC CAPITAL CORPORATION,

DATE February 7, 2005

        Defendant.

## REPLY TO DEFENDANT'S NOTICE OF INTERVENING AUTHORITY

Plaintiff hereby responds to Defendant's 1/18/05 Notice of Intervening Authority. Defendant once again is attempting to claim that a para-legal degree was actually necessary for the position of Contracts Manager.

Defendant's reliance on *Dept. of Transportation v. Commission on Human Rights*, is misplaced, as it is factually dissimilar to the instant case. In that case, the court ruled that the Defendant's requirement of a professional engineer's license for the position of transportation principal engineer was a legitimate, non-discriminatory reason for denying the plaintiff's promotion to that position. The court found that for several years prior to 1997 (the year plaintiff applied for the position), persons holding the position had such a license, and that it was a legitimate prerequisite for the position. The court held "it is uncontested that Mather's attainment of the professional engineer's license was an absolute perquisite to his promotion, and because Mather did not obtain that license, he simply was not eligible for the promotion. In other words, because the record conclusively reveals a legitimate, nondiscriminatory reason for the

2

department's decision, Mather cannot prevail on his claim that he was the victim of unlawful discrimination. Id at 468.

Moreover, *DOT* cites *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), which held, "in appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation [offered by the employer for the adverse employment action] that the employer is dissembling to cover up a discriminatory purpose. .... Moreover, once the employer's justification has been eliminated, discrimination, may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision". *DOT* at 467. This backs the authority we cited in our sur-reply to Defendant's Motion for Summary Judgment, citing *Griggs v. Duke Power Company*, 401 U.S. 424 (1971) and other cases. Plaintiff stands by its authority provided in its Memorandum and Sur-reply. Kossoff was qualified for, and successfully performed, the position of Contracts Manager without being a paralegal. Defendant changed its requirements for the position without basis, throwing in the paralegal requirement, and denied her the opportunity for the position solely on that basis. Defendant deliberately mis-characterized the position in its posting for a new "Contracts Manager" when it stated that the position was replacing that of an attorney (Exhibit B of Plaintiff's 3/22/04 Memorandum in Opposition at 4th line from the bottom "If replacement, who is being replaced: Albert Kolb."), and not that of Plaintiff, when clearly it was according to Defendants own testimony (and documents) "like a combo of Al and Joan's job". (Exhibit C of Plaintiff's 4/22/04 Surreply brief, Deposition of Jennifer Cherry at 142). The requirement of paralegal certification was not essential to the position, and in fact was put in place by Defendant in bad faith with the specific discriminatory purpose of excluding Kossoff from the position,

3

ultimately terminating her after hiring a younger, non-disabled person who was not more qualified. In comparison, in DOT, the requirement was both in place prior to the plaintiff applying for the position, and was a legitimate prerequisite. However, in the instant case, the hiring manager, Edel, would have considered Kossoff (who he knew did not have a paralegal degree) if "she felt she was qualified for this job and made a strong argument as to why she was I would have listened." (Exhibit O, Edel deposition at 133). Clearly even the hiring manager thought that a paralegal degree was not necessary

It is Kossoff's contention that Edel told her that she was not qualified and she relied on that representation, not applying for what was her own job with some modifications. (Exhibit N, Kossoff deposition at 216). Moreover, Plaintiff's initial position was that of Director of Contracts (Exhibit N of Plaintiff's 3/22/04 Memorandum in Opposition, Kossoff deposition at 64-66, 79-80), and therefore the Contracts Manager position was clearly not a promotion for Plaintiff, unlike that of DOT.

WHEREFORE, Plaintiff respectfully requests that Defendant's motion be denied in its entirety, together with such other and further relief as to this Court may deem just and proper.

                                        Respectfully submitted
                                        The Plaintiff, JOAN KOSSOFF
                                        By:
                                             Michael T. Paes
                                             Paes & Paes, LLC
                                             4 Washington Avenue
                                             Sandy Hook, CT   06482
                                             2030270-6441/ Fed. Bar No. CT19303

CERTIFICATION - This is to certify that a copy of this motion and reply brief was sent, via first class mail, postage prepaid, on this date, to Attorney Lawrence Peickes, Wiggin & Dana, LLP,

400 Atlantic Street, PO Box 110325, Stamford, CT 06911-0325.

MICHAEL T. PAES, ESQ.

5