# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

Joan KOSSOFF,                          :
    Plaintiff                          :          Civil No. 3:03cv203 (PCD)
                                      :
  vs.                          :
                                        :
GENERAL ELECTRIC CAPITAL CORP.,  :
    Defendant                          :

## RULING ON MOTION FOR RECONSIDERATION

Pursuant to D. Conn. L. R. Civ. P. 7(c) Plaintiff moves for reconsideration of the grant of summary judgment in favor of Defendant. For the reasons stated herein, reconsideration is granted, but Plaintiff's Motion [Doc. No. 59] is **denied** and the prior Ruling will stand.

## I.    BACKGROUND:

Plaintiff alleges, in her Amended Complaint, statutory violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq, (Count One); and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq (Count Two); and common law causes of action for Breach of the Covenant of Good Faith (Count Three); Negligent Misrepresentation (Count Four); and Fraud (Count Five). On February 14, 2005 summary judgment was granted on all Counts. Plaintiff now seeks reconsideration of that ruling.

## II.    STANDARD OF REVIEW:

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration should therefore be granted when a "party can point

to controlling decisions or data that the court overlooked -matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995), see also United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994) (reconsideration appropriate when a "need is shown to correct a clear error of law or to prevent manifest injustice."). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

## III.    DISCUSSION:

Plaintiff argues that this Court ignored evidence in granting summary judgment in favor of Defendant. While Plaintiff's arguments suggest disagreement with the Court's ruling, her arguments simply relitigate claims already raised and rejected and do not justify departing from the prior Ruling. Shrader, 70 F.3d at 257. Summary judgment was and remains appropriate.

### A.    Jurisdiction:

Plaintiff has filed a Notice of Appeal [Doc. No. 61]. The Second Circuit "has repeatedly held that the docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'" Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (citation omitted). Federal Rule of Civil Procedure 59 provides one possible basis for district court jurisdiction after the filing of an appeal. The aim of Rule 59 is to make clear "that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." Greene v. Blooming Grove, 935 F.2d 507, 512 (2d Cir. 1991). Such a motion must be filed "no later than 10 days after entry of the judgment", Fed. R. Civ. P. 59(e), and therefore "most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also

2

have been obtained under another provision." <u>McCowan v. Sears, Roebuck & Co.</u>, 908 F.2d

1099, 1103 (2d Cir. 1990). If a party files a timely Rule 59(e) motion, the district court retains

jurisdiction regardless of the pendency of an appeal. <u>Woodard v. Hardenfelder</u>, 845 F. Supp.

960, 964 (E.D.N.Y. 1994), <u>citing</u> Fed. R. App. P. 4(a)(4). Plaintiff's Motion was filed pursuant

to D. Conn. L. R. Civ. P. 7(c), but was filed within ten days after judgment was entered,

accordingly it is properly entertained here.

     B.    <u>Disability Based Claims</u>:

     1.    <u>Actual Disability</u>:

Plaintiff argues that regardless of whether the Court held driving not to be a major life

activity, she presented evidence of "the problems [she] had in sitting and in moving her legs"

such that "her leg would become numb to the point that she needed a driver when driving and

thus had substantial difficulties controlling her movements." Pl. Mem. Supp. Reconsideration at

8. There is nothing new or ignored in this argument. This claim affects her ability to drive.

Based on Second Circuit precedent it was held that driving was not a major life activity. Ruling

at 10. As to sitting and standing for long periods, Plaintiff still has presented no evidence

ignored or otherwise unaddressed that changes the Court's conclusion first that her limitation

actually impeded her ability to work, <u>see</u> Ruling at 11 (noting based on Plaintiff's testimony that

even assuming she could not sit for long periods, she was able to get up often while at work and

therefore remain comfortable), and that she did not present enough evidence that would suggest a

substantial impairment "as compared to the condition, manner, or duration under which the

average person in the general population can perform that same major life activity[,]" <u>Toyota</u>

<u>Motor Mfg., Ky. v. Williams</u>, 534 U.S. 184, 195-96, 122 S. Ct. 681; 151 L. Ed. 2d 615 (2002).

Plaintiff may disagree with the Court's conclusions, but she has presented nothing here justifying reconsideration.

 2. Regarded As Disabled:

Plaintiff reiterates arguments in her original opposition to summary judgment. Plaintiff does, however, appear only to press a claim that Defendant viewed her as impaired in the major life activity of work. Pl. Mem. Supp. Reconsideration at 8-9. With respect to Edel's statement regarding her medical condition, Plaintiff chose not to quote the entire statement, which is clearly addressed to her ability to commute long distances and does not, as Plaintiff now claims, appear to preclude working at "any job." Pl. Mem. Supp. Reconsideration at 8. An employer is free to decide that "some limiting, but not *substantially* limiting, impairments make individuals less than ideally suited for a job." Sutton v. United Air Lines, 527 U.S. 471, 491, 119 S. Ct. 2139, 144 L. Ed. 2d 450 (1999)(emphasis in original). "[T]he mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that that perception caused the adverse employment action." Reeves v. Johnson Controls World Servs., 140 F.3d 144, 153 (2d Cir. 1998) (citation omitted). Finally, Plaintiff has failed to establish that she was regarded as significantly restricted in the ability to perform "either a class of jobs or a broad range of jobs" and in this sense, the "inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." Cameron v. Cmty. Aid for Retarded Children, Inc., 335 F.3d 60, 64-65 (2d Cir. 2003) (citations omitted). Thus, summary judgment is appropriate for precisely the same reasons stated in the Court's original Ruling.

3.    Medical Records:

Plaintiff asserts that it was a violation of the ADA for Defendant to make medical information part of Plaintiff's personnel record.  Pl. Mem. Supp. Reconsideration at 6-7.  As stated, the only bases for upsetting a prior ruling on reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atlantic, 956 F.2d at 1255.  Plaintiff did not raise this argument in her original opposition brief, thus it was not earlier addressed and there could be no clear error.  Furthermore, there is no indication here that this evidence was somehow unavailable earlier in the proceedings or newly available and Plaintiff does not point to a change in the law allowing for her to raise this claim when it was previously unavailable.  Reconsideration is not justified on the basis that a party simply failed, with no explanation, to make an argument the first time around.  Accordingly, the Court will not consider Plaintiff's argument regarding medical information in her file.

B.    Age Discrimination:

1.    Contracts Manager Position:

Plaintiff makes the erroneous assertion that the Court accepted the allegations of Defendant in granting summary judgment.  Pl. Mem. Supp. Summ. J. at 9.  The requirement that Plaintiff have a paralegal degree or experience was undisputed.  Thus, Plaintiff must have shown that Defendant's criteria were made in bad faith.  Thornley v. Penton Publ., 104 F.3d 26, 29 (2d Cir. 1997).  The Court did not accept Defendant's allegations but rather held that even accepting as true Plaintiff's evidence suggesting that Plaintiff could have performed the job requirements or that she was in certain respects equally or perhaps more able than Christine Wright does not as a

5

matter of law create a question of bad faith on Defendant's part.  Ruling at 15-17.  Without such a showing, the reasonableness of an employer's criteria is irrelevant.  Thornley, 104 F.3d at 29.

> 2.    Denial of a Raise in 2002:

Plaintiff argues that the Court was in error in accepting Defendant's argument that Plaintiff's position was appropriately analogized to a Portfolio Administration Representative ("PAR") and that she was not therefore entitled to a raise in 2002.  Pl. Mem. Supp. Reconsideration at 11.  The Court did not in fact accept Defendant's argument that Plaintiff's position was similar to that of a PAR.  Rather, the Court rejected Plaintiff's argument that Plaintiff was similarly situated to Christine Wright.  Plaintiff must demonstrate that she was similarly situated to Wright in all respects.  Shumway v. UPS, 118 F.3d 60, 64 (2d Cir. 1997).  The Court held only that Plaintiff failed to meet her burden in this respect.  Plaintiff has offered no previously unavailable evidence casting doubt on this conclusion, nor has she pointed to a manifest error or intervening change in the law.  Plaintiff simply reargues the merits of her original Memorandum.  Accordingly, reconsideration is not justified.

> 3.    Denial of a VIC Bonus in 2001:

Plaintiff again mischaracterizes the Court's decision by arguing that the Court "totally accepted Defendant's contention that the bonus paid ... was a VIC bonus..."  Pl. Mem. Supp. Reconsideration at 11.  The Ruling leaves no doubt that the name of the bonus was entirely irrelevant as Plaintiff failed to meet her burden to demonstrate discrimination and equally as important failed to even establish an entitlement to a VIC bonus.  Ruling at 19-20.  Reconsideration is therefore inappropriate.

    4.    Termination:

Plaintiff simply reargues the issue of whether she and Wright were similarly situated. The Court held that they were not. Plaintiff presents no new evidence or authority suggesting the Court should revisit this determination. Reconsideration is not warranted "where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

    C.    Common Law Claims:

    1.    Breach of the Covenant of Good Faith and Fair Dealing:

Plaintiff erroneously attributes the basis for the Court's ruling solely to the fact that an attorney was involved in the decision to invoke the RESOLVE process. Pl. Mem. Supp. Reconsideration at 14. Rather, the Court held that Plaintiff had not demonstrated bad faith as the evidence suggested only that Defendant was pursuing a right it reasonably felt it had under a contract. See e.g. Labbe v. Hartford Pension Comm'n, 239 Conn. 168, 197, 682 A.2d 490, 504 (1996) (by itself, an error interpreting a contract is not bad faith).

    2.    Fraud Based Claims:

    a.    Manager of Contracts Position:

Plaintiff again misinterprets the basis of the Court's Ruling. There is no doubt that the requirement was in place. Thus, there can be no fraud in telling Plaintiff that she was not qualified. It is irrelevant whether Plaintiff could have performed the job. Plaintiff attacks Defendant's business judgment or motivation for instituting the requirement. This does not make out a fraud or negligent misrepresentation claim. Moreover, Plaintiff's reliance on Stewart v. Cendant Mobility Servs. Corp., 267 Conn. 96, 837 A.2d 736 (2003) is misplaced as that case was based on the principles of promissory estoppel and neither fraud nor negligent

misrepresentation claims were addressed.  The Ruling granting summary judgment is therefore

not called into question by Plaintiff's arguments and reconsideration is denied.

b.     Telecommuting:

Plaintiff seems to be arguing on reconsideration that Defendant lied about the reasons for

discontinuing her practice of telecommuting and that this gave rise to her fraud based claim.  Pl.

Mem. Supp. Reconsideration at 15-16.  While the Court did not understand this to be the basis of

her claim, her argument still fails.  In any fraud claim, there must be a false promise, or at least

information given which Plaintiff relied on.  Updike, Kelly & Spellacy, P.C. v. Beckett, 269

Conn. 613, 643, 850 A.2d 145, 166 (2004).  If the sole basis for Plaintiff's claim was this alleged

lie regarding the reason she was no longer permitted to telecommute, there was no reliance as

Plaintiff was not given an option to continue telecommuting or do anything at all based on that

information.  Thus, even if Defendant flatly lied to Plaintiff, it would not, under these

circumstances, amount to fraud.  Reconsideration is therefore not justified.

c.     Compensation:

Plaintiff argues that she accepted the Support Services Manager position to her detriment.

Pl. Mem. Supp. Reconsideration at 16.  Plaintiff provides little substantiation to this argument.

Even assuming some of the terms and conditions of her employment were changed, her old

position was to be eliminated.  Plaintiff still has not produced any evidence that she could have

or did seek other positions that would have put her in a better position.  Accordingly, summary

judgment was appropriate and reconsideration is not warranted.

d.     Job Security:

Plaintiff claims that the Court ignored evidence regarding assurances that Plaintiff was

8

given that her job was not in jeopardy.  Pl. Mem. Opp. Reconsideration at 16-17.  Plaintiff's

Opposition Brief presented this claim entirely as related to whether her position was intended

from the start to be temporary.  Pl. Mem. Opp. Summ. J. at 21-22.  That is different from

Plaintiff's claim on reconsideration that representations that her job was not in jeopardy were

themselves fraudulent.  "Fed. R. Civ. P. 56 does not impose an obligation on a district court to

perform an independent review of the record to find proof of a factual dispute." Amnesty

America. v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002).  Nevertheless, assuming

Plaintiff's allegations to be true, she has not come provided any information suggesting that Edel

knew the statements he made were false.  Accordingly, reconsideration is not warranted and

summary judgment is appropriate.

## IV.    CONCLUSION:

For the reasons stated herein, reconsideration is granted.  The Court examined the merits

of her claims.  Plaintiff's Motion [Doc. No. 59] is, nevertheless, **denied** on the merits and the

prior grant of summary judgment shall stand.

SO ORDERED.

Dated at New Haven, Connecticut, April  19 , 2005.

_____
                               /s/
                               Peter C. Dorsey, U.S. District Judge
                               United States District Court

9